T.C. Memo. 2006-47

UNITED STATES TAX COURT

DIEP N. HOANG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4853-04.                    Filed March 20, 2006.

W. Michael Thornton (specially recognized), for petitioner.[1]

<u>Francis C. Mucciolo</u> and <u>Lauren B. Epstein</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a $1,361 deficiency in petitioner's 2001 Federal income tax.  The issues for decision are:  (1) What amount of the $2,301 in interest petitioner

_____

[1]  At trial, Mr. Thornton appeared on behalf of petitioner. Mr. Thornton, however, did not sign the briefs filed by petitioner.

received from Bank One, N.A. (Bank One), in 2001 is taxable; and (2) what amount of the IRA distributions totaling $9,788 petitioner received from Janus Capital Group (Janus) in 2001 is taxable.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the referenced exhibits are incorporated herein by this reference. At the time he filed the petition, petitioner resided in Orlando, Florida.

Interest

Petitioner held three certificates of deposit (CDs) with Bank One that matured in 2001. During 2001, petitioner received interest payments from Bank One of $568.53, $789.21, and $944.72.

IRA Distributions

As of May 23, 2000, petitioner had a balance of $9,430.82 in a Strong Funds (Strong) IRA account.

On August 17, 2000, petitioner established a traditional IRA account with Janus with funds transferred from the Strong IRA account. Petitioner filled out a "Janus Traditional IRA Application", and under the heading "Traditional IRA" he checked the box for "Transfer of existing Traditional IRA from another custodian."

During 2001, petitioner received IRA distributions from Janus of $19.86, $393.19, $5,410.13, and $3,966.76. Janus sent

petitioner Forms 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., for these distributions. The Forms 1099-R listed the taxable amounts of these distributions as $19.86, $393.19, $5,410.13, and $3,966.76.

During 2001, petitioner also held a non-IRA account with Janus.

## 2001 Tax Return

On his 2001 Federal income tax return, petitioner reported $92.45 in interest, $7,325 of ordinary dividends, zero of total IRA distributions, and zero of taxable IRA distributions. The reported interest was from First Union and Huntington National Bank. The reported ordinary dividends were from Invesco, Fidelity, American Century, Janus, Vanguard, and PBHG.

## Notice of Deficiency

In a notice of deficiency, respondent determined that petitioner failed to report $2,301 in interest and a $9,788 taxable IRA distribution.[2]

---

[2] Respondent did not seek to increase the deficiency by the amounts of the interest ($1.46) and the IRA distribution ($1.94) in excess of the amounts determined in the notice of deficiency. Respondent rounded the figures reported to the Internal Revenue Service down to whole dollars in his computations.

OPINION

Petitioner has neither claimed nor shown that he satisfied the requirements of section 7491(a)[3] to shift the burden of proof to respondent with regard to any factual issue. Accordingly, petitioner bears the burden of proof. See Rule 142(a).

Interest

Gross income includes all income from whatever source derived, including interest. Sec. 61(a)(4). Petitioner stipulated that during 2001 he received $2,301 of interest from Bank One.

Petitioner relies on his own testimony to establish that a portion of the interest he received in 2001 from Bank One is not taxable. We found petitioner's testimony to be general, vague, conclusory, and/or questionable in certain material respects.

Petitioner claims he earned only $241 in interest from Bank One in 2001 because the total value of the CDs was $30,000 and the annual interest rate was 7.7 percent. Accordingly, petitioner conceded $241 of the $2,301 in interest determined by respondent. It is unclear, however, how petitioner calculated the $241. He claims he received interest for only 42 days, until February 12, 2001 (the date the three CDs matured), in 2001, and

---

[3] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

$241 is the interest on $30,000 for 42 days. Petitioner claimed he was "an accrual basis taxpayer" and that he should report the interest when it was earned rather than when he received it.

The amount of any item of gross income shall be included in the gross income for the taxable year in which it is received by the taxpayer unless under the method of accounting used by the taxpayer the amount is properly accounted for as of a different period. Sec. 451(a). Petitioner presented no credible evidence that he used the accrual method of accounting. Additionally, petitioner testified that in previous years he reported interest income as he received it and as it was reported to him on Forms 1099-INT, Interest Income. Furthermore, petitioner failed to report any interest from Bank One on his 2001 return.

Petitioner was vague, absentminded, and nonresponsive when answering certain questions about the Bank One CDs. Despite having clear memories of events from the 1980s and 1990s and the exact maturity date of the Bank One CDs, petitioner claimed memory loss as to the amount he received in 2001 from the Bank One CDs. He was unwilling to admit or deny whether he received the interest from the Bank One CDs in 2001, even though he signed the stipulation of facts on the day of trial stipulating he received $2,301 in interest from Bank One in 2001.

Under the circumstances, we are not required to, and generally do not, rely on petitioner's testimony to sustain his

burden of establishing error in respondent's determinations.  See

Lerch v. Commissioner, 877 F.2d 624, 631-632 (7th Cir. 1989),

affg. T.C. Memo. 1987-295; Geiger v. Commissioner, 440 F.2d 688,

689-690 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159;

Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

Accordingly, we sustain respondent's determination regarding

petitioner's interest income for 2001.

IRA Distributions

Petitioner stipulated that he received distributions

totaling $9,788 from the Janus IRA in 2001.  Petitioner admitted

that the "growth" of his IRA is taxable; however, he contends

that a portion of the IRA distributions is not taxable.

Section 408(d)(1) provides generally that "any amount paid

or distributed out of an individual retirement plan shall be

included in gross income by the payee or distributee, as the case

may be, in the manner provided under section 72."  The term

"individual retirement plan" includes an IRA.  Sec. 7701(a)(37).

All distributions during any taxable year are treated as one

distribution, and the value of the contract, the income on the

contract, and the investment in the contract are computed as of

the close of the calendar year in which the taxable year begins.

See sec. 408(d)(2).

Generally, taxpayers have no basis in an IRA.  Sec. 1.408-

4(a)(2), Income Tax Regs.  A taxpayer has a basis in IRA

contributions to the extent the contributions are considered an "investment in the contract". Secs. 72(e), 408(d); <u>Alpern v. Commissioner</u>, T.C. Memo. 2000-246. Nondeductible contributions to an IRA minus any prior withdrawals or distributions of nondeductible contributions constitutes a taxpayer's investment in the contract. Sec. 72(e); <u>Campbell v. Commissioner</u>, 108 T.C. 54, 61-62 (1997). Nondeductible contributions, however, must be designated as such and reported on Form 8606, Nondeductible IRA Contributions, IRA Basis, and Nontaxable IRA Distributions, in the manner prescribed by the Internal Revenue Code. Sec. 408(o)(4); <u>Alpern v. Commissioner</u>, <u>supra</u>.

Petitioner admitted that he lacked a complete paper trail for his IRAs. Petitioner relies on his own testimony to establish that a portion of the IRA distributions in 2001 was not taxable.

Petitioner claimed that in 1994 Mellon Bank inappropriately "converted" an account he held there from a regular account to an IRA account, and it was these funds that he eventually transferred to the Strong IRA. We found petitioner's testimony to be general, vague, conclusory, and/or questionable in certain material respects. Petitioner's testimony was contradictory as to when he opened this alleged non-IRA account at Mellon Bank (1980, the late 1980s, or 1993) and as to what kind of alleged non-IRA account it was (a savings account, a CD, or a "timed

deposit"). Petitioner also testified that the Strong account he opened was not an IRA account even though he stipulated to the contrary, the documentary evidence is to the contrary, and he testified that he sent the money from Mellon Bank to Strong as an IRA direct transfer.

Under the circumstances, we are not required to, and generally do not, rely on petitioner's testimony to sustain his burden of establishing error in respondent's determinations. See Lerch v. Commissioner, supra; Geiger v. Commissioner, supra; Tokarski v. Commissioner, supra. The Court is not required to accept petitioner's unsubstantiated testimony. See Wood v. Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), affg. 41 T.C. 593 (1964). The Court need not accept at face value a witness's testimony that is self-interested or otherwise questionable. See Archer v. Commissioner, 227 F.2d 270, 273 (5th Cir. 1955), affg. a Memorandum Opinion of this Court; Weiss v. Commissioner, 221 F.2d 152, 156 (8th Cir. 1955), affg. T.C. Memo. 1954-51; Schroeder v. Commissioner, T.C. Memo. 1986-467.

There is no evidence that petitioner filed Forms 8606. The evidence does not establish the initial source of the funds in the Janus IRA or that petitioner has any basis ("investment in the contract") in the Janus IRA. Accordingly, we sustain respondent's determination regarding petitioner's IRA distributions for 2001.

Conclusion

We note that petitioner attached documents to his posttrial briefs.  Evidence must be submitted at trial; documents attached to briefs and statements made therein do not constitute evidence and will not be considered by the Court.  Rule 143(b); Evans v. Commissioner, 48 T.C. 704, 709 (1967), affd. per curiam 413 F.2d 1047 (9th Cir. 1969); Lombard v. Commissioner, T.C. Memo. 1994-154, affd. without published opinion 57 F.3d 1066 (4th Cir. 1995).  Accordingly, these documents are not in evidence.

To reflect the foregoing,

Decision will be entered

for respondent.