T.C. Summary Opinion 2007-184


UNITED STATES TAX COURT


SHARON T. MYRICK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10717-05S.                    Filed October 29, 2007.


Sharon T. Myrick, pro se.

Russell K. Stewart, for respondent.

PANUTHOS, Chief Special Trial Judge:[1]  This case was heard

pursuant to the provisions of section 7463 of the Internal

_____

[1] After the death of Special Trial Judge Carleton D. Powell on Aug. 23, 2007, the parties were directed to file, on or before Oct. 2, 2007, a response consenting to the reassignment of this case or file a notice objecting to the reassignment together with a motion for a new trial or a motion to supplement the record, stating reasons in support of either motion.  On Sept. 6, 2007, counsel for respondent filed a response consenting to the reassignment of this case; however, no response has been filed by petitioner.  After allowing ample time for a response to be filed by petitioner, the Chief Judge reassigned this case to Chief Special Trial Judge Peter J. Panuthos, for disposition on the existing record.

Revenue Code in effect when the petition was filed. Pursuant to section 7463(b),[2] the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $4,888 deficiency in petitioner's 2001 Federal income tax and a $977.60 accuracy-related penalty pursuant to section 6662(a). After concessions,[3] the issues for decision are: (1) Whether petitioner is entitled to deductions claimed on Schedule C, Profit or Loss From Business; (2) whether petitioner correctly reported gross receipts on Schedule C; and (3) whether petitioner is liable for the accuracy-related penalty under section 6662(a).

## Background

Some of the facts have been orally stipulated and are so found. The stipulated facts and exhibits, as well as additional exhibits introduced at trial, are incorporated herein by this reference. Petitioner resided in Philadelphia, Pennsylvania, when the petition was filed.

---

[2] Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3] Petitioner concedes in full the deductions she claimed on Schedule A, Itemized Deductions. Respondent concedes that a computational error of $828 was made in the notice of deficiency to self-employment income.

During 2001, petitioner worked for the U.S. Department of the Treasury. She also sold products for Avon Products, Inc. (Avon). Petitioner generally sold the Avon products from her home, although she occasionally met customers elsewhere. Petitioner had a desk, computer, printer, a postage meter, and other equipment in her home.

Petitioner owned both a Chevrolet Trailblazer and a Dodge Neon. Petitioner used the Trailblazer to commute to her job at the Treasury Department in 2001. Petitioner also used the Trailblazer to transport Avon products. It is not clear the extent to which petitioner used the Neon for personal or business purposes.

Petitioner was also involved with a company called Prepaid Legal Services in 2001. According to petitioner, she paid a fee that allowed her to contact Prepaid Legal Services and receive legal advice. Petitioner used Prepaid Legal Services for both personal and business-related matters. Petitioner became an associate of Prepaid Legal Services in or about May 2001. Although the record does not disclose what her duties were, petitioner earned some amount of income from Prepaid Legal Services after she became an associate.

In addition to the above-described activities, petitioner attended one or more flea markets in 2001 where she attempted to sell goods. The record contains little information about the

extent of petitioner's involvement with flea markets or her success in earning income from this activity.

Petitioner attached a Schedule C to her 2001 tax return. Except as described below, petitioner combined the income and expenses of Avon, Prepaid Legal Services, and the flea markets on the Schedule C. Petitioner reported $7,791 of gross receipts and $24,171 of expenses for a $16,380 loss. Respondent did not adjust the gross receipts. However, respondent disallowed all but $172 of the claimed expense deductions. Petitioner filed a timely petition for review of respondent's determination.

## Discussion

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions and credits are matters of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction or credit claimed on his return. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79 (1992).

Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established her compliance with the requirements of section 7491(a)(2)(A) and (B) to substantiate

items, maintain records, and cooperate fully with respondent's reasonable requests. Petitioner therefore bears the burden of proof.

## I. Schedule C Deductions

A taxpayer who carries on a trade or business generally may deduct ordinary and necessary expenses paid or incurred in connection with the operation of the business. Sec. 162(a); see also FMR Corp. & Subs. v. Commissioner, 110 T.C. 402, 414 (1998). Personal expenses, in contrast, generally are not deductible. Sec. 262(a). Respondent does not dispute that each of the three activities in question qualifies as a trade or business for Federal income tax purposes. Thus, we address only whether the expenses petitioner claimed were ordinary and necessary, and whether they were paid or incurred in connection with a trade or business.

Before discussing the deductions in issue, we note that petitioner lost a number of receipts when she accidentally threw them away. When a taxpayer's records have been lost or destroyed through circumstances beyond his control, the taxpayer is entitled to substantiate a deduction by reconstruction of his expenditures through other credible evidence. Smith v. Commissioner, T.C. Memo. 1998-33; see also Malinowski v. Commissioner, 71 T.C. 1120, 1125 (1979). We do not find that

petitioner's records were lost through circumstances beyond her control.

Where a taxpayer establishes that he incurred a business expense but cannot prove the amount of the expense, the Court may approximate the amount allowable, bearing heavily against the taxpayer whose inexactitude is of his own making. Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930). To apply the Cohan rule, however, we must have a reasonable basis for estimating the amount of the expense. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). We are not required to accept a taxpayer's unsubstantiated testimony that he is entitled to a deduction. See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); Hoang v. Commissioner, T.C. Memo. 2006-47.

A.  Advertising

Petitioner claimed a $1,200 deduction for advertising which respondent disallowed in full. Petitioner testified that she incurred this expense in connection with two Internet Web sites she maintained and brochures she distributed to potential customers, but she provided no credible evidence to corroborate the amount or purpose of the expense. See Tokarski v. Commissioner, supra. Respondent's determination on this issue therefore is sustained.

B.  Legal and Professional Services

In general, legal fees are deductible under section 162 only if the matter with respect to which the fees were incurred originated in the taxpayer's trade or business and only if the claim is sufficiently connected to that trade or business.  See United States v. Gilmore, 372 U.S. 39 (1963); Kenton v. Commissioner, T.C. Memo. 2006-13.

Petitioner claimed a $500 deduction for legal and professional services, representing the fee she paid Prepaid Legal Services for legal advice, which respondent disallowed in full.  At trial, the parties agreed that petitioner paid $358 of that amount.  Petitioner testified that she used the service for both personal and business matters.  However, the record does not provide a reasonable basis for allocating the cost of the service between personal and business use.  We therefore do not apply the Cohan rule, see Vanicek v. Commissioner, supra, and respondent's determination is sustained.

C.  Supplies and Office Expense

Petitioner claimed a $1,852 deduction for supplies and a $1,900 deduction for office expense which respondent disallowed in full.  At trial, the parties agreed that petitioner paid $472 for a postage meter, $176 for "Postal Privilege", which petitioner defined as the cost of postage used in connection with the postage meter, and $270 for a water cooler.  Petitioner

provided no other receipts or canceled checks for the remaining supplies and office expense deductions she claimed.

Petitioner credibly testified that she used the postage meter to mail fliers and brochures to customers. Although it is possible that petitioner used the postage meter for personal matters, such use was likely de minimis in comparison to the business use. We therefore conclude that petitioner is entitled to deduct $648 for the cost of the postage meter and the "Postal Privilege".

Petitioner testified that she purchased or leased the water cooler for the benefit of customers who came to her home. Petitioner did not establish, however, that the water cooler was used primarily by customers and not by her family. Because petitioner has failed to meet her burden of proof, she cannot deduct the $270 cost of the water cooler.

Respondent's determinations with respect to supplies and office expense is modified to the extent that petitioner is entitled to a deduction of $648.

D. <u>Utilities</u>

Petitioner claimed a $2,172 deduction for utilities which respondent disallowed in full. At trial, the parties agreed that petitioner paid $1,311 to Verizon, presumably for telephone service, and $243 for wireless Internet service. Petitioner did not demonstrate that these amounts were incurred solely for

business purposes, nor did she apportion the expenses between personal and business use.  Section 262(b) disallows any deduction for basic telephone service as a personal expense. Because the record does not provide a reasonable basis for estimating the amount attributable to business purposes, see Vanicek v. Commissioner, supra, respondent's determination on this issue is sustained.

### E.  Rent or Lease of Other Business Property

Petitioner claimed a $472 deduction for rent or lease of other business property which respondent disallowed in full. Petitioner did not identify the property in question or how it relates to a trade or business.  Respondent's determination on this issue is sustained.

### F.  Repairs and Maintenance

Petitioner claimed a $700 deduction for repairs and maintenance which respondent disallowed in full, but petitioner introduced no evidence to support the claimed deduction. Respondent's determination on this issue is sustained.

### G.  Car and Truck Expenses

Section 274(d) imposes strict substantiation requirements for listed property, travel, entertainment, and meal expenses. Sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  Listed property generally includes passenger

automobiles and any other property used as a means of transportation.[4]  Sec. 280F(d)(4)(A)(i) and (ii).

To obtain a deduction for such expenses, a taxpayer must substantiate by adequate records or by sufficient evidence corroborating the taxpayer's own testimony the amount of the expense, the time and place of the use, the business purpose of the use, and, in the case of entertainment, the business relationship to the taxpayer of each person entertained.  Sec. 274(d); sec. 1.274-5T(b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  The Cohan rule does not apply to expenses governed by section 274(d).  Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).

Petitioner claimed a $5,338 deduction for car and truck expenses in connection with the Trailblazer which respondent disallowed in full.[5]  As discussed above, petitioner used the Trailblazer for both personal and business purposes.  When a taxpayer uses an automobile for personal and business purposes, only that percentage of the expenses which represents business

_____

[4] Although there are exceptions to this rule, see, e.g., Sullivan v. Commissioner, T.C. Memo. 2002-131 n.2, petitioner has not argued or demonstrated that any such exception applies.

[5] Although petitioner may also have used the Neon for business purposes, she provided almost no testimony or other evidence concerning this vehicle.  We therefore confine our discussion to the Trailblazer.

use is deductible. See Cobb v. Commissioner, 77 T.C. 1096, 1101-1102 (1981), affd. without published opinion 680 F.2d 1388 (5th Cir. 1982). Petitioner did not keep a mileage log or otherwise distinguish between personal and business use of the Trailblazer. Petitioner therefore fails to meet the requirements of section 274(d), and respondent's determination on this issue is sustained.

### H. Depreciation and Insurance

Petitioner claimed an $8,310 deduction for depreciation and a $1,202 deduction for insurance in connection with the Trailblazer which respondent disallowed in full. As discussed above, however, she failed to establish the extent to which the Trailblazer was used for business purposes. Respondent's determination on this issue is sustained.

### I. Travel, Meals, and Entertainment

Petitioner claimed a $279 deduction for travel and a $74 deduction for meals and entertainment expenses which respondent disallowed in full. Petitioner testified that she incurred these expenses when she traveled to Delaware, but she did not introduce receipts, canceled checks, or other evidence to corroborate her testimony. Sec. 274(d). Respondent's determination on this issue is sustained.

## II. Gross Receipts on Schedule C

Petitioner reported gross receipts of $7,791 on Schedule C. During the examination of her return, petitioner indicated this figure represented $7,055 from sales of Avon products, a $102 bonus she received from Avon, and $634 from flea market sales. Respondent accepted the gross receipts as reported.

At trial, petitioner asserted that she had overstated gross receipts. Petitioner's testimony was vague, however, and she introduced no credible evidence to indicate that the figure reported on Schedule C was incorrect. Furthermore, petitioner conceded that she failed to report income from Prepaid Legal Services on Schedule C even though she reported the expenses. Under the circumstances, we conclude that no adjustment to gross receipts is appropriate.[6]

## III. Accuracy-Related Penalty

Section 6662(a) provides that a taxpayer may be liable for a penalty of 20 percent of the portion of an underpayment of tax attributable to negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). Negligence includes any failure to make a reasonable attempt to comply with the law or maintain adequate books and records. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax

---

[6] Although petitioner acknowledged that she did not report income from Prepaid Legal Services, respondent did not attempt to assert an increased deficiency. Accordingly, we do not modify the gross receipts that were reported by petitioner and accepted by respondent.

Regs. Disregard of rules or regulations includes any careless, reckless, or intentional disregard. Sec. 1.6662-3(b)(2), Income Tax Regs. The Commissioner bears the burden of production with respect to the accuracy-related penalty. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Petitioner concedes that she did not maintain accounting records for her business activities or mileage logs for her use of the Trailblazer. Petitioner also concedes that she failed to report gross receipts from Prepaid Legal Services. Petitioner therefore failed to make a reasonable attempt to comply with the law or maintain adequate records, and respondent has met his burden of production. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.

An exception to the section 6662 penalty applies when the taxpayer demonstrates there was reasonable cause for the underpayment and the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c). Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances on a case-by-case basis. See Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioner testified that she had receipts for many of her expenses but threw the receipts away when she moved her office from one part of her house to another. Such circumstances do not

constitute reasonable cause.  Furthermore, petitioner made little if any attempt to reconstruct the lost records.  Accordingly, we conclude that petitioner has failed to demonstrate reasonable cause and good faith.  Respondent's determination on this issue is sustained.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.