T.C. Summary Opinion 2008-68

UNITED STATES TAX COURT

RONALD MICHAEL AND LORRAINE ELIZABETH SKALKO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10958-05S.                    Filed June 18, 2008.

Ronald Michael and Lorraine Elizabeth Skalko, pro se.

<u>Brenda Fitzgerald</u>, for respondent.


WELLS, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the

_____

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all subsequent section references are to the Internal Revenue Code as in effect for the years in issue.

decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in petitioners' income taxes and penalties as follows:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|----------------------|
| 2001 | $5,812 | $1,162.40 |
| 2002 | 4,352 | 870.40 |
| 2003 | 4,176 | 835.20 |

The issues we must decide are: (1) Whether petitioners are liable for deficiencies in taxable years 2001, 2002, and 2003 where the deficiencies arose in part from deductions petitioners claimed on Schedule C, Profit or Loss From Business; (2) whether petitioners properly reported the gross receipts of their businesses; (3) whether petitioners may claim a dependency exemption deduction for their daughter for 2003; (4) whether petitioners properly reported an early distribution from a qualified pension or retirement plan; and (5) whether petitioners are liable for section 6662(a) accuracy-related penalties for negligent failure to accurately report income or for substantial understatements of income tax.

## Background

Some facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated

herein by this reference. At the time the petition was filed, petitioners resided in Georgia.

During 2001, 2002, and 2003 petitioner Ronald Skalko (petitioner) operated two businesses as sole proprietorships. The first business was a party equipment rental and bartending service conducted under the name Pourmasters. The second business was a newspaper delivery service (Newspaper Delivery). For part of the year Mr. Skalko also worked full time as a seasonal employee of the Internal Revenue Service.

Car and Truck Expenses

Petitioner did not maintain contemporaneous mileage logs for car and truck expenses for Pourmasters and Newspaper Delivery. Petitioner provided a noncontemporaneous log for Pourmasters and Newspaper Delivery for 2001. On Schedule C for Pourmasters petitioners claimed car and truck expense deductions of $5,175 for 2001, $7,665 for 2002, and $10,800 for 2003 of which respondent allowed in the notice of deficiency the following: $3,695 for 2001, $5,000 for 2002, and $6,873 for 2003. On Schedule C for Newspaper Delivery petitioners claimed car and truck expense deductions of $3,450 for 2001 and $8,424 for 2003, of which respondent allowed in the notice of deficiency the following: $3,450 for 2001 and $3,600 for 2003.

Depreciation Expenses

For 2001 petitioners deducted $7,000 in depreciation expenses for Pourmasters. The documents petitioners provided to respondent reported expenses of $7,297.30. Of that amount in the notice of deficiency, respondent disallowed $1,968.20 paid to purchase a refrigerator during 2001 and allowed $5,311 of the remaining depreciation expense deductions claimed.

Legal Expenses

For 2001 petitioners deducted $3,500 in legal expenses for Pourmasters. In 2001 petitioners paid $3,500 to J. William Morse, an attorney, to defend Mr. Skalko against charges of driving under the influence of intoxicants, possessing an open container, and failing to maintain his lane while driving. In the notice of deficiency respondent disallowed all of petitioners' claimed legal expense deductions.

Itemized Deductions for Employee Business Expenses

For 2001 petitioners claimed deductions of $4,895 in employee business expenses, and in the notice of deficiency respondent allowed $3,954 of the amounts claimed. For 2002 petitioners deducted $6,593 in employee business expenses for Mrs. Skalko and $370 for Mr. Skalko, and of these amounts, in the notice of deficiency respondent allowed $990 for language training expenses and $2,964 for meal and entertainment expenses for Mrs. Skalko. For 2003 petitioners deducted $5,117 in

employee business expenses for Mrs. Skalko and $240 for Mr. Skalko, and of those amounts, in the notice of deficiency respondent allowed $3,783 in employee business expenses for Mrs. Skalko.

Wages

During 2001 petitioners' older son was a full-time student at the University of Denver. Also during 2001 petitioners' younger son was 17 years old and was a high school student. Petitioners claimed that they employed both of their sons in Newspaper Delivery. For 2001 petitioners deducted payments they claim they paid their older son of $200 per week for 27.5 weeks, for a total of $5,500. Additionally for 2001, petitioners claimed deductions for payments they claim they made to their younger son of $200 per week for 15 weeks for a total of $3,000. Petitioner claims that he delivered newspapers for the remaining weeks of 2001. Petitioners failed to keep contemporaneous records of the days on which their sons delivered newspapers as well as of any payments made to their sons during 2001. In the notice of deficiency respondent disallowed all of the deductions claimed for wages paid to petitioners' sons.

Gross Receipts

For 2001 petitioners' records indicate that petitioners' gross receipts from Pourmasters were $18,532.95; however, petitioners reported only $15,350 of gross income. In the notice

of deficiency respondent adjusted petitioners' gross receipts to include an additional $3,182.95.

Other Expenses

For 2001, 2002, and 2003 petitioners claimed other expense deductions for Pourmasters. Specifically, for 2001 petitioners deducted $1,500 for telephone expenses, $250 in cleaning expenses, $150 in postage expenses, and $500 in supplies. In the notice of deficiency respondent disallowed $124 of the cell phone expense deduction and allowed the remaining expense deductions claimed for 2001.

For 2002 petitioners deducted $2,500 in telephone expenses, $150 in cleaning expenses, $150 in postage expenses, $3,697 in supply expenses, and $1,250 in periodical expenses. In the notice of deficiency respondent disallowed $1,000 of the telephone expense deduction and $1,250 of the periodical expense deduction and allowed the remaining expense deductions claimed for 2002.[2]

For 2003 petitioners claimed deductions of $2,400 in telephone expenses, $150 in cleaning expenses, $150 in postage expenses, $500 in periodical expenses, and $5,525 in supply

---

[2]Although respondent intended in the notice of deficiency that $2,250 in expense deductions claimed for taxable year 2002 should be disallowed for Pourmasters, the notice of deficiency determined only a $1,000 adjustment. Respondent did not subsequently move to increase the deficiency accordingly.

expenses. In the notice of deficiency respondent disallowed $900 of the telephone expense deduction and $500 of the periodical expense deduction and allowed the remaining expense deductions.

Interest Expenses

For 2001 and 2002 petitioners claimed deductions for interest expenses charged on credit cards they used for both personal and business expenses. For 2001 petitioners deducted $1,500 in interest expenses for Pourmasters. Also, for 2002 petitioners deducted $2,500 in interest expenses for Pourmasters. In the notice of deficiency respondent disallowed all of the amounts deducted for those interest expenses.

Rent Expenses

For 2001, 2002, and 2003 respondent disallowed petitioners' claimed rent expense deductions for Pourmasters. Petitioners deducted amounts for rent expenses that they did not pay. During the audit petitioners asserted that goods were used to pay rent invoices in lieu of monetary compensation.

Travel/Meals and Entertainment Expenses

For Pourmasters for 2002 petitioners claimed $1,200 in expense deductions for attending a bartending conference. For 2002 and 2003 petitioners claimed $1,050 as meal and entertainment expense deductions related to Mr. Skalko's attendance at a bartending conference. In the notice of deficiency respondent disallowed all of the expense deductions.

Early Distribution

During 2002 Mrs. Skalko received an early distribution of $704 from a qualified pension or retirement plan. During 2003 Mrs. Skalko received $1,207 as an early distribution from a qualified pension or retirement plan. In the notice of deficiency respondent determined that the early distributions were to be included in petitioners' income for the respective taxable years.

Exemptions

During 2003 petitioners' daughter was 26 years old and earned $11,091 in income. Petitioners' daughter filed a tax return on which she claimed a personal exemption for herself and also claimed the earned income tax credit. For 2003 petitioners claimed a dependency exemption deduction for their daughter which respondent disallowed in the notice of deficiency.

## Discussion

Generally, respondent's determinations in the statutory notice of deficiency are presumed correct. See Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and petitioners bear the burden of proving that they are entitled to the deductions claimed. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Under certain circumstances, the burden of proof shifts

to the Commissioner.  Sec. 7491(a)(1).  Section 7491(a) does not shift the burden of proof to respondent because petitioners failed to maintain records or comply with substantiation requirements as required by section 7491(a)(2)(A) and (B).

Where a taxpayer establishes that he incurred a business expense but cannot prove the amount of the expense, the Court may approximate the amount allowable, bearing heavily against the taxpayer whose inexactitude is of his own making.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930) (the Cohan rule).  To apply the Cohan rule, however, the Court must have a reasonable basis for approximating the amount of the expense. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  We are not required to accept a taxpayer's unsubstantiated testimony that he is entitled to a deduction.  See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); Hoang v. Commissioner, T.C. Memo. 2006-47.

Petitioners failed to offer sufficient substantiation to provide a reasonable basis for approximating the amounts of the expenses.  See Vanicek v. Commissioner, supra at 742-743. Petitioners substantiated the cost of a refrigerator, the deduction for which respondent had disallowed; however, petitioners failed to demonstrate that they used it in one of their businesses.  In addition, petitioners failed to provide any substantiation at trial that would permit the Court's use of the Cohan rule.  We conclude that petitioners have failed to carry

their burden to show that they are entitled to deductions in excess of the amounts respondent allowed in the notice of deficiency. Accordingly, we uphold respondent's determinations in the notice of deficiency for the taxable years in issue in full.

We next consider whether petitioners are liable for accuracy-related penalties pursuant to section 6662(a). Respondent determined section 6662(a) accuracy-related penalties of $1,162.40, $870.40, and $835.20 for taxable years 2001, 2002, and 2003. Respondent determined that petitioners' 2001, 2002, and 2003 underpayments of tax were attributable to negligence or disregard of rules and regulations, or alternatively that the 2001, 2002, and 2003 underpayments were attributable to substantial understatements of income tax.

Pursuant to section 6662(a) and (b), a taxpayer may be liable for a penalty of 20 percent of the portion of an underpayment of tax due to negligence or disregard of rules or regulations. The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Internal Revenue Code and any failure to keep adequate books and records or to substantiate items properly. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Negligence has also been defined as the failure to exercise due care or the failure to do what a reasonable person would do under the circumstances. See

Allen v. Commissioner, 92 T.C. 1, 12 (1989), affd. 925 F.2d 348, 353 (9th Cir. 1991); Neely v. Commissioner, 85 T.C. 934, 947 (1985). The term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c).

The Commissioner has the burden of production with respect to accuracy-related penalties. Sec. 7491(c). To meet that burden, the Commissioner must produce sufficient evidence indicating that it is appropriate to impose the penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. Rule 142(a); see Higbee v. Commissioner, supra at 446-447. The taxpayer may meet this burden by proving that he or she acted with reasonable cause and in good faith. See sec. 6664(c)(1); sec. 1.6664-4(b)(1), Income Tax Regs.

We conclude that respondent has met his burden of production under 7491(c). The record shows that petitioners failed to keep adequate books or records or to substantiate items properly for tax years 2001, 2002, and 2003. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Accordingly, petitioners bear the burden of proving that the accuracy-related penalties should not be imposed with respect to any portion of the underpayments for

which they acted with reasonable cause and in good faith. See sec. 6664(c)(1); sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioners claimed substantial deductions for which they failed to provide credible evidence that respondent's determinations are incorrect. We conclude that petitioners have failed to meet their burden of persuasion with respect to the accuracy-related penalties. Thus, we conclude that petitioners are liable for the section 6662(a) penalties for negligence determined by respondent.

We have considered the parties' remaining arguments and conclude that the arguments are either without merit or unnecessary to reach.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.