T.C. Summary Opinion 2011-99

UNITED STATES TAX COURT

JAMES D. AND BOBBIE ROGERS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25365-09S.            Filed August 1, 2011.

James D. and Bobbie Rogers, pro se.

John T. Arthur, for respondent.

PANUTHOS, Chief Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

_____

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All dollar amounts are rounded to the nearest dollar.

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $1,500 deficiency in petitioners' 2007 Federal income tax. The issue for decision is whether a $10,000 withdrawal by petitioner husband from his annuity in 2007 is includable as gross income.

## Background

Some of the facts have been stipulated, and the stipulations and accompanying exhibits are incorporated by this reference. Petitioners resided in Georgia when the petition was filed.

Mr. Rogers (petitioner) was an employee of Lockheed Martin Corp. during the period 1986 through 2003. During this period petitioner participated in an employer-sponsored savings plan into which he directed 8 percent of his after-tax salary. The savings plan was composed of petitioner's after-tax contributions, employer contributions, and accumulated interest.[2]

Petitioner retired in 2003, and on July 17, 2003, the funds in petitioner's Lockheed savings plan were transferred to a Pershing Government Account money market fund (Pershing).[3] On July 25, 2003, petitioner withdrew $16,000 from Pershing, leaving a balance of $71,995.

_____

[2]The exact nature of this plan is not reflected in the record.

[3]The record reflects an initial investment of $87,995 in the Pershing account.

On August 18, 2003, petitioner rolled over the remaining funds in Pershing to an annuity with Allianz Life Insurance Co. of North America (Allianz annuity).  The Allianz annuity was established with an initial deposit of $71,892,[4] with payments to begin June 1, 2036.  The application for the Allianz annuity, under the heading "Qualified Plans", reflects that the box "IRA transfer/rollover" was checked.

Petitioner made the following deposit and withdrawals from his Allianz annuity:

| Date | Deposit | Withdrawal |
|------|---------|------------|
| Aug. 18, 2003 | $71,892 | --- |
| Mar. 18, 2004 | --- | $7,000 |
| Nov. 15, 2005 | --- | 5,000 |
| Apr. 27, 2006 | --- | 4,000 |
| July 20, 2006 | --- | 2,500 |
| Apr. 3, 2007 | --- | 10,000 |
| Mar. 24, 2008 | --- | 59,231 |

Petitioner surrendered his Allianz annuity on March 24, 2008, when he received $59,231.

Petitioner's 2004, 2005, and 2006 Forms 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., reflect that

---

[4]The record reflects that petitioner transferred $72,002 from Pershing to the Allianz annuity, less $110 in fees, totaling $71,892.  The record does not provide an explanation of the discrepancy between the balance in the Pershing account of $71,995 and the transfer amount of $72,002.

Federal and State income taxes were withheld at the time of the respective withdrawals.[5]  Petitioner's 2007 Form 1099-R reflects that petitioner elected not to have Federal or State income taxes withheld from the $10,000 withdrawal.[6]  Petitioners timely filed a joint Form 1040, U.S. Individual Income Tax Return, for 2007. Petitioners did not report the $10,000 withdrawal on their jointly filed 2007 Federal income tax return.  Respondent determined that the $10,000 withdrawal in 2007 is includable in gross income and issued petitioners a statutory notice of deficiency determining a deficiency of $1,500 on July 27, 2009.

## Discussion

### I.  Burden of Proof

Generally, the Commissioner's deficiency determination is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 7491(a) provides generally that the burden of proof regarding factual matters may shift to the Commissioner if the taxpayer satisfies certain substantiation and recordkeeping

---

[5]Allianz sent petitioner a Form 1099-R for each year he made a withdrawal.

[6]Sec. 3405(b) provides generally that the payor of any nonperiodic distribution shall withhold an amount equal to 10 percent of the distribution unless the individual elects not to have any amount withheld.  The record reflects that no Federal or State income taxes were withheld at the time of the final disbursement of the Allianz annuity in 2008.

requirements.  Petitioners have not alleged, and we do not find, that the burden of proof should shift to respondent.  See sec. 7491(a)(2)(A) and (B).  Therefore, petitioners bear the burden of proof.  See Rule 142(a).

II.  Gross Income

The Internal Revenue Code defines "gross income" as "all income from whatever source derived", including annuities.  See secs. 61(a)(9), 72(a).  Additionally, any amount paid or distributed from an individual retirement account (IRA) shall be included in gross income by the payee.  Sec. 408(d)(1); sec. 1.408-4(a)(1), Income Tax Regs.  Subject to certain specific restrictions, a taxpayer is generally allowed to deduct his qualified retirement contributions to an IRA, up to a specified dollar amount, for the year in which the contributions are made.  See sec. 219; sec. 1.219-1(a), Income Tax Regs.  Under certain circumstances, a taxpayer may also make nondeductible contributions to his IRA.  See sec. 408(o).

A taxpayer generally has a zero basis in an IRA.  Sec. 1.408-4(a)(2), Income Tax Regs.  The taxpayer may have basis in an IRA to the extent allocable to the investment in the contract.  See sec. 72(e); Hoang v. Commissioner, T.C. Memo. 2006-47.  A taxpayer's investment in the contract is composed of nondeductible contributions to the IRA, less any withdrawals or distributions of the previously taxed contributions.  Sec.

72(e)(6); <u>Campbell v. Commissioner</u>, 108 T.C. 54, 61-62 (1997). A taxpayer is not considered to have received gross income upon a distribution of funds that represents a return of his investment in the contract. Sec. 72(b).

Nondeductible contributions made to an IRA must be reported annually on Form 8606, Nondeductible IRAs. See sec. 408(o)(4). The Form 8606 instructions state that a taxpayer must keep copies of records, including completed Forms 8606 for previous years, in order for the taxpayer to verify the nontaxable portion of the IRA withdrawal or distribution. Furthermore, amounts received before the annuity starting date are includable in gross income to the extent allocable to income on the contract and are not includable in income to the extent allocable to the investment in the contract.[7] Sec. 72(e)(2)(B); <u>Campbell v. Commissioner</u>, <u>supra</u> at 61.

Petitioner contends that the $10,000 withdrawal is not includable in gross income because the funds initially deposited into his Allianz annuity are allocable to the previously taxed contributions he made into his Lockheed savings plan and thus constitute a return of his investment in the annuity. Petitioner further argues that the previously taxed funds in his Lockheed

_____

[7]Sec. 72(c)(4) defines "annuity starting date" as the first day of the first period for which an amount is received as an annuity under the contract. Petitioner withdrew $10,000 from his annuity in 2007, before his annuity starting date in 2036.

savings plan were not properly allocated as such when transferred to his Allianz annuity.

To establish whether the $10,000 withdrawal is includable in petitioners' 2007 gross income, we must determine the amount of petitioner's investment in the Allianz annuity.  According to the contract with Allianz, petitioner's deposit, totaling $71,892, was derived from untaxed earnings.  The Allianz contract does not make any reference to previously taxed funds.

Petitioner asserted at trial that he had documentation to support the position that he had contributed approximately $80,000 of previously taxed funds into his Lockheed savings plan by the time he retired in 2003.  He further argues that the previously taxed funds were ultimately transferred to the Allianz annuity.  Petitioner seeks to support his position with incomplete documents, in addition to vague testimony.[8]

Respondent acknowledges that the documents petitioner provided support the assertion that petitioner made some after-tax contributions to his employer-sponsored savings plan.  These after-tax contributions generally would represent petitioner's

---

[8]The Court left the record open to permit petitioner an opportunity to substantiate his claim.  Despite being provided an opportunity to submit additional documents, petitioner did not submit any additional documents for the Court's consideration. The Court accordingly closed the record and deemed the case submitted.

investment if petitioner could identify or trace the contributions to any remaining funds in the plan.[9]

We conclude from the documents petitioner submitted that he contributed a minimum of $5,926[10] in after-tax dollars to his Lockheed savings plan.[11] Petitioner made multiple withdrawals from his account, including a $16,000 withdrawal from Pershing in 2003. Petitioner failed to establish that the $16,000 withdrawal did not deplete any investment that petitioner may have had in the Lockheed savings account. Petitioner offered no documentation to support an investment in his Lockheed savings plan in excess of $5,926.

Petitioner did not provide copies of completed Forms 8606, on which taxpayers are required to designate nondeductible contributions to an IRA. See sec. 408(o)(4). It is the

[9]There is no documentation to indicate whether petitioner withdrew his after-tax contributions from his Lockheed savings plan before he retired in 2003.

[10]This amount was calculated by adding: (1) The post-1986 after-tax contributions of $3,247.55 specified on the Salaried Savings Plan quarterly statement for the period 1/1/01 through 3/31/01, (2) the year-to-date Salaried Savings Plan after-tax savings of $1,321.97 specified on petitioner's Lockheed earnings statement for the period 3/16/02 through 3/22/02, and (3) the after-tax employee contributions of $1,356.42 specified on the Salaried Savings Plan quarterly statement for the period 1/1/03 through 3/31/03. The total, $5,925.94, has been rounded up to the nearest dollar.

[11]Although we conclude that petitioner made after-tax contributions of $5,926 to his Lockheed savings plan, there is no documentation to show whether petitioner withdrew those after-tax contributions before he retired.

taxpayer's responsibility to maintain records sufficient to enable the Commissioner to determine his correct tax liability. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Although we found petitioner's testimony to be generally credible, petitioner's testimony by itself was insufficient to substantiate an investment in his Lockheed savings plan, and therefore, in his Allianz annuity.

On the basis of the foregoing, respondent's determination is sustained.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.