T.C. Memo. 2012-279

UNITED STATES TAX COURT

JONG D. PARK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21552-10.                        Filed October 2, 2012.

Jong D. Park, pro se.

Shannon F. Edelstone, Michael A. Skeen, Thomas R. Mackinson, and

Melissa C. Quale, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HALPERN, Judge:  Respondent determined a deficiency in petitioner's

Federal income tax for 2006 of $4,774 and an addition to tax for failure to timely

file of $1,194.  After a concession by petitioner, the items remaining for decision

**[*2]** are whether petitioner (1) may deduct claimed miscellaneous itemized expenses totaling $14,709 and (2) is liable for the addition to tax.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 2006, and all Rule references are to the Tax Court Rules of Practice and Procedure. All dollar amounts have been rounded to the nearest dollar.

Petitioner bears the burden of proof. See Rule 142(a).[1]

## FINDINGS OF FACT

Petitioner resided in Santa Clara, California, at the time he filed the petition.

During 2006, petitioner was employed as a verification engineer by CPU Technology, Inc. (CPU). Consequently, petitioner's primary responsibilities included writing computer code and conducting tests to verify that a piece of equipment functioned as it was designed to. CPU did not require petitioner to travel as part of his job.

In March 2006, petitioner purchased a van that he used in his daily commute to work at CPU; in the van, he transported tools and equipment he thought

---

[1]Petitioner has not raised the issue of sec. 7491(a), which shifts the burden of proof to the Commissioner in certain situations. We conclude that sec. 7491(a) does not apply here because petitioner has not produced any evidence that he has satisfied the preconditions for its application.

[*3] necessary for (and which he actually did use in) his work at CPU. CPU provided tools and equipment for petitioner to use in carrying out his job and did not require him to supply his own. CPU did not reimburse petitioner for the cost of the van or for his commuting costs.

Because of an extension of time to file, petitioner's 2006 Form 1040, U.S. Individual Income Tax Return, was due no later than October 15, 2007. Petitioner signed his 2006 Form 1040 on November 24, 2007. Respondent's records indicate that he received petitioner's 2006 Form 1040 on April 29, 2008. On that return, petitioner claimed itemized deductions of $5,224 and $11,853 for unreimbursed vehicle mileage expenses and for depreciation of his van, respectively. Respondent examined the return, and, among other things, disallowed both deductions.

OPINION

I.    Deductions

A.    Introduction

Petitioner commuted to work during at least part of 2006 in a van that he purchased for that purpose during March 2006. On his 2006 Form 1040, he deducted both the cost of the van (by way of accelerated depreciation) and mileage (using the standard business mileage rate) for commuting to CPU. Respondent

[*4] argues that he can claim neither, since neither is a business expense nor, for either, did petitioner adequately substantiate his expenditure. In any event, respondent adds, he cannot claim both. Petitioner argues that he needed to transport his equipment and tools to work, he was not aware of the substantiation requirements, and he now (after trial) has evidence of the price of the van.

We need go no further than petitioner's lack of substantiation to sustain respondent's disallowance of petitioner's claimed deductions.

B. Failure To Substantiate Van Expense

Petitioner claims the $11,853 cost of the van to be a deductible business expense. We need not determine whether the cost qualifies as a business expense because, even if we were to find that it does, petitioner's failure to substantiate the expense is a sufficient ground to sustain respondent's disallowance of petitioner's deduction.

Section 179 provides an election to expense certain depreciable business property. Nevertheless, when called upon by the Commissioner, a taxpayer must substantiate his expenses. E.g., Doudney v. Commissioner, T.C. Memo. 2005-267, 2005 WL 3081647, at *3. With respect to certain deductible expenses, section 274(d) imposes heightened substantiation requirements. Section 274(d) requires a taxpayer to substantiate "by adequate records or by sufficient evidence

[*5] corroborating the taxpayer's own statement" any deduction "with respect to any listed property (as defined by section 280F(d)(4))". Listed property includes "any passenger automobile" and "any other property used as a means of transportation". Sec. 280F(d)(4)(A)(i)-(ii); see also sec. 1.274-5(k)(7), Income Tax Regs. (listing vans among property covered by section 274(d)).

To satisfy the adequate records requirement, the taxpayer must maintain "an account book, diary, log, statement of expense, trip sheets, or similar record", as well as documentary evidence, such as receipts or paid bills. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985); sec. 1.274-5(c)(2)(iii)(A), Income Tax Regs. Each element of the expense or business use must be recorded at or near the time it occurs. Sec. 1.274-5T(c)(2)(ii), Temporary Income Tax Regs., supra. A taxpayer unable to produce adequate records may alternatively establish an element of an expenditure by his own statement and "other corroborative evidence sufficient to establish such element." Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985). In the case of listed property, those elements to be established are the amount of the expenditure; the amount of each business use; the date of the expenditure; and the business purpose. Sec. 1.274-5T(b)(6)(i)-(iii), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

**[*6]** Petitioner has failed to produce any records, documentation, or other corroboration regarding the claimed cost of his van.[2] He has not provided any detailed evidence to substantiate the amount of the expense, the time and place of the vehicle's use, or its business purpose, as required by section 274(d).

Because petitioner has failed to meet the substantiation requirements of section 274(d) and the regulations thereunder, we conclude that he has failed to prove that he is entitled to a section 179 deduction for the van.

C.    Failure To Substantiate Mileage Expenses

Petitioner also claims a section 162 deduction of $5,224 for mileage for his transportation costs. We need not reach whether petitioner's claimed transportation costs qualify as deductible business expenses, rather than nondeductible personal commuting costs, because petitioner's failure to

---

[2]Petitioner alleges that he submitted to the Internal Revenue Service a contract evidencing his purchase of the van. Petitioner did not offer the alleged contract at trial, and petitioner's request to submit it after trial was denied upon objection by respondent. See, e.g., Hoang v. Commissioner, T.C. Memo. 2006-47, 2006 WL 695362, at *4 ("We note that petitioner attached documents to his posttrial briefs. Evidence must be submitted at trial; documents attached to briefs and statements made therein do not constitute evidence and will not be considered by the Court. Rule 143(b); Evans v. Commissioner, 48 T.C. 704, 709, 1967 WL 1300 (1967), affd. per curiam 413 F.2d 1047 (9th Cir. 1969); Lombard v. Commissioner, T.C. Memo. 1994-154, affd. without published opinion 57 F.3d 1066 (4th Cir. 1995). Accordingly, these documents are not in evidence.").

 [*7] substantiate the expenses is a sufficient ground to sustain the deficiency determination.

Section 162 provides a deduction for ordinary and necessary business expenses.  Business expense deductions for transportation costs are subject to the substantiation requirements of section 274(d).  When claiming such a deduction, a taxpayer must produce adequate records or corroborating evidence of the amount of the expenditure, including the mileage for each business use, the date of each use, and the business purpose for the use.  Sec. 1.274-5T(b)(6)(i)-(iii), Temporary Income Tax Regs., supra.  A taxpayer claiming the standard business mileage rate need not substantiate the amount of the expenditure, but is not relieved of the requirement to substantiate the mileage, time, and business purpose of the use.  Sec. 1.274-5(j)(2), Income Tax Regs.

Petitioner has not offered any records, documentation, or other corroborating evidence regarding his mileage or dates of use.  Therefore, we conclude that petitioner has failed to prove that he is entitled to a deduction for his claimed transportation costs.

II.     Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) provides for an addition to tax in the event a taxpayer fails to file a timely return (determined with regard to any extension of time for

[*8] filing) unless the taxpayer shows that such failure is due to reasonable cause and not due to willful neglect. The amount of the addition is equal to 5% of the amount required to be shown as tax on the delinquent return for each month or fraction thereof during which the return remains delinquent, up to a maximum addition of 25% for returns more than four months delinquent. Id. The Commissioner bears the burden of production with respect to the liability of any individual for any penalty or addition to tax. Sec. 7491(c). His burden is to show that imposition of the penalty or addition to tax is appropriate. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). If he carries that burden, the taxpayer must come forward with evidence sufficient to persuade us that imposition of the penalty or addition to tax is incorrect (e.g., because of the existence of reasonable cause and the absence of willful neglect). See id. at 447.

The due date, with extensions, for petitioner's 2006 Federal income tax return was October 15, 2007. Petitioner concedes that he filed his return late. Respondent submitted into evidence a copy of Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, with respect to petitioner, which indicates that petitioner's tax return was received on April 29, 2008. Thus there is sufficient evidence to find, and we do find, that it was appropriate for respondent to impose on petitioner for 2006 a section 6651(a)(1) addition to tax

**[*9]** for untimely filing.  To avoid the addition to tax, petitioner must come forward with evidence that respondent's determination of the addition to tax is incorrect.  See id. at 448.

Petitioner contends that he filed his 2006 Form 1040 on November 24, 2007.  Although he signed his Form 1040 with the date November 24, 2007, he offers no evidence that he actually mailed the return before April 2008 when respondent received it or that respondent's records are inaccurate.  Nor has he alleged reasonable cause or the absence of willful neglect.  Petitioner has thus failed to carry his burden of proof.  Therefore, we find that respondent's determination is correct.  We sustain respondent's determination of an addition to tax under section 6651(a)(1).

III.    Conclusion

We sustain respondent's adjustments disallowing petitioner's vehicle-related expenses.  We also sustain respondent's determination of a section 6651(a)(1) addition to tax for an untimely filed return.

Decision will be entered for respondent.