T.C. Memo. 2013-127

UNITED STATES TAX COURT

DIEP N. HOANG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24221-10.                    Filed May 15, 2013.

Diep N. Hoang, pro se.

<u>Joel D. McMahan</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, <u>Judge</u>:  On August 3, 2010, the respondent (the IRS) issued a

notice of deficiency to the petitioner, Mr. Diep N. Hoang.  The notice determined a

deficiency of $5,188,587 in federal income tax for 2006, a section 6651(a)(1)

addition to tax of $1,297,533.50, and a penalty under section 6662(a) of

[*2] $1,037,717.40. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the tax year 2006, and all Rule references are to the Tax Court Rules of Practice and Procedure.

We hold that:

I.     The notice of deficiency was timely.

II.    The five admissions requested by the IRS on November 9, 2011, are deemed admitted.

III.   Hoang earned $1,542 in "other income" from Scottrade, Inc., during the 2006 tax year.

IV.    Hoang earned $1,106 in interest income during the 2006 tax year instead of the $1,003.82 reported on Hoang's return filed on September 2, 2009.

V.     Hoang earned $13,964 in qualified dividend income during the 2006 tax year.

VI.    Hoang had capital gains of $14,857,461 in 2006 (as this amount is calculated in the notice of deficiency).

VII.   Hoang's short-term capital loss carryover for 2006 is the $8,051.33 claimed on his return.

VIII.  Hoang is liable for the section 6651(a)(1) addition to tax.

[*3] IX.    Hoang is liable for the section 6662(a) penalty.[1]

## FINDINGS OF FACT

At trial, Hoang moved for the admission of 13 pages of documents that were marked for identification as Exhibit 4-P.  The material was excluded from evidence[2] and therefore cannot form the basis for any of our findings of fact.  Many of Hoang's arguments cannot be understood without referring to portions of Exhibit 4-P.  Therefore, to help explain Hoang's allegations, we discuss various portions of Exhibit 4-P in the course of setting forth our findings of fact.

1.    Hoang's 2001 deficiency case (docket No. 4853-04)

Some of Hoang's arguments are based on a prior deficiency case involving his 2001 tax year.  Hoang filed a tax return for 2001 but failed to report any interest income from Bank One.  Hoang v. Commissioner, T.C. Memo. 2006-47 (Mar. 20, 2006), slip op. at 3, 5.  The IRS determined that Hoang was required to include $2,301 of interest from Bank One in his income for 2001.  Id. at 3, 5.  Shortly before the trial of the 2001 deficiency case, Hoang stipulated that he

---

[1]These nine issues (and a discovery issue raised sua sponte by the Court, see infra note 29) are the only noncomputational issues requiring a decision.

[2]The documents had obviously been altered.  Hoang adduced no testimony to explain the alterations or otherwise authenticate the documents even though the Court advised him he was required to do so.

**[*4]** received $2,301 of interest payments from Bank One during 2001. Id. at 5. At trial he contended only a portion of the $2,301 amount was includable in his income for 2001. His argument went as follows:

- He was an accrual-basis taxpayer.

- As an accrual-basis taxpayer he was required to include interest income in the year it was "earned", not the year it was received.

- A portion of the $2,301 of interest income was earned in years before the 2001 tax year.

Id. The Court rejected this argument, finding that Hoang was not an accrual-basis taxpayer. Id. The Court held that the entire $2,301 of interest income was includable in his income for 2006. Id. at 6. Two of the document fragments Hoang attempted to introduce in this case as part of Exhibit 4-P assert that the Tax Court failed to instruct Hoang how to switch from the accrual-basis method of accounting to the cash-basis method of accounting and that as a result Hoang no longer had to file federal income-tax returns. The two document fragments are described in parts 2 and 5, respectively. See infra pp. 5-6, 7-8.

**[\*5]** 2.     <u>April 14, 2007 document fragment with the heading "Form 4868,</u>
<u>Application for Automatic Extension of Time to File U.S. Individual</u>
<u>Income Tax Return"</u>[3]

The bottom portion of page 3 of Exhibit 4-P (the exhibit that was excluded from evidence) is a document fragment with the heading Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return, for tax year 2006. Hoang's name appears on the fragment, and his address is listed on the fragment as 7100 S. Orange Blossom Trail, Apt. 602, Orlando, FL 32809.

The following text appears on the upper portion of page 3 of Exhibit 4-P:

REASONS for filing Form 4868/TAXYEAR 2006:

A. Waiting for the IRS to issue corrected Taxable Income. On 12/20/2001, IRS/Atlanta, GA issued The Closing Notice admitting that Payers falsified records.

B. Waiting for instructions from The U.S. TAX COURT (Wasington , DC) [sic] on how to Switch from ACCRUAL METHOD to "CASH BASIS", with regard to reporting taxable interest/capital gains (losses). The "cash basis" was announced by IRS lawyer (Francis C. Mucciolo / Lauren B. Epstein), during pre-trial discovery and, subsequently approved by Judge Vasquez (TC Memo 2006-47 dated 03/20/2006)

---

[3]This part of this opinion, which describes portions of Exhibit 4-P, is not part of the Court's findings of fact. Similarly, parts 5, 12, and 15, which also describe portions of Exhibit 4-P, are not part of the Court's findings of fact.

**[*6]**   For detailed evidence, please review Complaint (attached)  This
Complaint was already submitted to Federal Law Enforcement.

Orlando, FL April 14  2007

[signed]
DIEP N. HOANG
7100 S. Orange Blossom Trail Apt 602
Orlando, FL 32809

There is an IRS receipt stamp, with a received date of April 16, 2007, on page 3 of

Exhibit 4-P.

3.      Form 4868 received April 16, 2007

On April 16, 2007, the IRS received a Form 4868, Application for Automatic

Extension of Time to File U.S. Individual Income Tax Return, from Hoang, which

extended the last day for filing his 2006 return to October 15, 2007.  See infra pp.

31-32.

4.      April 17, 2007:  original due date for 2006 federal income-tax return

Hoang's 2006 federal income-tax return was originally due on or before April

17, 2007.[4]

---

[4]In paragraph 8(a) of the answer in this case, the IRS stated that Hoang's
2006 tax return was originally due to be filed on or before April 15, 2007.  In his
reply, Hoang stated that the 2006 tax return was due to be filed on or before April
16, 2007.

Sec. 6072(a) provides that income-tax returns made on the calendar-year

(continued...)

**[*7]** 5. <u>October 12, 2007 document fragment with the heading "Form 1040, U.S. Individual Income Tax Return"</u>[5]

The upper portion of page 4 of the excluded Exhibit 4-P contains a fragment of the first page of a tax-return form for the 2006 tax year. The heading of the document fragment, which is only partially legible, seems to be: "Form 1040, U.S. Individual Income Tax Return". Below this heading appear some preprinted lines for the taxpayer's name, address, and Social Security number. On these preprinted lines are written Hoang's name, address, and Social Security number. The preprinted lines for filing status, exemptions, and items of income that would normally appear on a Form 1040 are either obscured or missing.

The lower portion of page 4 of the excluded Exhibit 4-P contains the following text:

---

[4](...continued)
basis are due on or before April 15 of the next year. If the last day to file falls on a Saturday, Sunday, or legal holiday, then filing on the next succeeding day that is not a Saturday, Sunday, or legal holiday is considered timely. Sec. 7503. A legal holiday includes any day that is a legal holiday in the District of Columbia. <u>Id.</u> April 15, 2007, was a Sunday. April 16, 2007, was a legal holiday in the District of Columbia. Therefore, April 17, 2007, was the last day for Hoang to file his 2006 tax return.

[5]This part of this opinion, which describes portions of Exhibit 4-P, is not part of the Court's findings of fact.

[*8] REASONS
for
FORM 1040/2006 NOT to be
COMLETED [sic]
for FILING by OCT, 15 2007
Please refer to: "REASONS FOR FILING FORM
4868/2006 (dated Apr, 14 2007) "attached
Tax payer [sic] is still waiting for
RESPONSES/INSTRUCTIONS from the IRS and
U.S. TAX COURT


Truthfully,

Orlando, FL Oct. 12 2007

[signed]
DIEP N HOANG
7100 S. Orange Blossom Trail Apt 602
Orlando, Fl 32809

Enc: 3 exhibits

Near the text reproduced above is an IRS receipt stamp with a received date of

October 15, 2007.

Page 5 of Exhibit 4-P is the second page of a Form 1040. The handwritten

words "Diep N. Hoang" appear in the signature block next to the date October 14,

2007. None of the blanks for amounts of deductions, payments, etc., are filled in.

The letters "N/A" are scrawled across the entire page.

**[\*9]** 5. <u>August 8, 2008 substitute for return</u>

On August 8, 2008, the IRS prepared a substitute for return for the 2006 tax year.[6]

6. <u>December 15, 2008 notice of deficiency</u>

On December 15, 2008, the IRS issued the first of two notices of deficiency for the 2006 tax year. The notice of deficiency was addressed to Hoang at the following address: P.O. Box 771587, Orlando, FL 32877-1587. The notice determined that Hoang had a capital gain of $1,001,633; that he had a deficiency of $340,702; and that he owed a section 6651(a)(1) addition to tax of $76,657.95, a section 6654(a) addition to tax of $16,123.37, and a section 6651(a)(2) addition to tax of $30,663.18. After 90 days had passed without Hoang's filing a petition with the Court, the IRS assessed the deficiency and additions to tax determined in the notice.[7]

---

[6]In paragraph 8(c) of its answer in this case the IRS alleged: "On August 8, 2008, respondent prepared a Substitute for Return for petitioner's 2006 tax year." In his reply Hoang did not deny this allegation. It is therefore deemed admitted under Rule 37(c). See <u>Mendelson v. Commissioner</u>, 52 T.C. 727, 733 (1969).

[7]This statement was asserted to be true by the IRS in paragraph 8(d) of its answer in this case. Hoang did not deny this statement in his reply. Therefore it is deemed admitted under Rule 37(c). See <u>Mendelson v. Commissioner</u>, 52 T.C. at 733.

[*10] 7.       Form 1040 filed September 2, 2009

Hoang submitted a Form 1040 to the IRS for the tax year 2006.  Although the

Form 1040 was dated February 9, 2009, the IRS did not receive it until September

2, 2009.  Hoang admitted in his pretrial memorandum that the Form 1040 was filed

on September 2, 2009.  We find that it was filed on that date.

The Form 1040 reported that Hoang received $1,002.82 in taxable interest,

consisting of $775.12 of payments from "FIDELITY" and $227.70 in payments

from "SCOTTRADE".  The Form 1040 reported that Hoang received $19,027.84 in

ordinary dividends, consisting of $7,221.41 in dividends  from "FIDELITY", $38.92

from "MANAGERS", $67.85 from "LEGG MASON", $12.48 from "TCW", and

$11,687.18 from "SCOTTRADE".  The Form 1040 did not report any amount for

qualified dividends.

Short-term capital gains during 2006 were reported on the Form 1040 to be

$10,321.85.  The $10,321.85 amount was the sum of the gains reported in 17

entries on Schedule D, Capital Gains and Losses, and Schedule D-1, Continuation

Sheet for Schedule D.  One of the 17 entries reflects the following information:

"Description of Property" is "Scottrade", the date is left blank, the date sold is left

blank, the sale price is left blank, the cost is left blank, and the gain or loss is

$373.50.  The Form 1040 reduced the $10,321.85 by a $8,051.33 "Short-term

[*11] capital loss carryover" to arrive at "Net short-term capital gain" of $2,270.52. The Form 1040 reported that "Net long-term capital gain" was $620.01. The sum of $2,270.52 (net short-term capital gain) and $620.01 (net long-term capital gain) is $2,890.53. The Form 1040 reported capital gain of $2,890.53 for 2006.

Line 38 of the Form 1040 reported that adjusted gross income was $22,921.19 (the sum of $1,002.82 of interest, $19,027.84 of ordinary dividends, and $2,890.53 in capital gain). Lines 38, 40, 41, 42, 43, and 44 are filled out as follows:

| | |
|---|---|
| Line 38. Adjusted gross income | $22,921.19 |
| Line 40. Itemized deductions or standard deduction[1] | ---[2] |
| Line 41. Subtract line 40 from 38 | [3]($9,700.00) |
| Line 42. Multiply $3,300 by total number of exemptions claimed on line 6d[4] | ---[5] |
| Line 43. Taxable income. Subtract line 42 from line 41. If line 42 is more than line 41, enter -0-. | [6]$13,221.19 |
| Line 44. Tax | ---[7] |

[1]Instructions in the left-hand margin of the form indicate that the standard deduction was $5,150 for single filing separately.

[2]The notation "---" signifies that the line in question was left blank. It is unclear why Hoang left line 40 blank. Hoang was entitled to a $5,150 standard deduction.

[3]It is unclear why Hoang entered -$9,700 in line 41. Line 41 was to be line 38 minus line 40.

[4]On Hoang's Form 1040, one exemption was claimed on line 6d.

**[*12]** [5]It is unclear why Hoang left line 42 blank. Hoang claimed himself as an exemption, which would have corresponded to a deduction of $3,300 at his reported adjusted gross income.

[6]It is unclear why Hoang entered $13,221.19 in line 43. Line 43 was to be line 41 minus line 42, not the sum of line 38 and line 41.

[7]It is unclear why Hoang left line 44 blank.

No Schedule A, Itemized Deductions, was attached to the Form 1040.

As explained below, the notice of deficiency interpreted Hoang's Form 1040 to claim a personal-exemption deduction of $3,300 and itemized deductions of $6,400. The sum of these two amounts is $9,700, which was the amount he entered on line 41.

8.  Docket No. 24547-09

On September 24, 2009, Hoang filed a Tax Court petition in docket No. 24547-09. As noted above, a notice of deficiency had been issued more than nine months earlier--on December 15, 2008. No notice of deficiency was attached to the petition. One of the errors Hoang alleged was that the IRS erred in issuing a substitute for return for 2006.[8]

On November 18, 2009, the IRS filed a motion to dismiss for lack of jurisdiction in docket No. 24547-09 on the ground that the petition had been filed more than 90 days after it had issued the December 15, 2008 notice of deficiency.

_____

[8]The petition stated: "IRS erred when it issued the * * * SFR 1040A/2006 resulting in serious injuries".

**[*13]** On December 14, 2009, Hoang filed an objection to the IRS motion to dismiss in docket No. 24547-09. He contended the December 15, 2008 notice of deficiency was "totally fabricated" by counsel for the IRS.

On December 29, 2009, the Court granted the IRS's motion and dismissed the case at docket No. 24547-09 for lack of jurisdiction. The Court reasoned that the petition had been filed more than 90 days after the notice of deficiency was issued.

On January 5, 2010, Hoang moved to vacate the order of dismissal in docket No. 24547-09 because, he claimed, the notice of deficiency issued on December 15, 2008, was not mailed to his last known address. The last known address, Hoang alleged, was 7100 S. Orange Blossom Trail, Apt. 602, Orlando, Florida 32809. The IRS did not object to the motion. It conceded that, before the issuance of the notice of deficiency, it had updated its records to reflect that Hoang's new address was an address other than P.O. Box 771587, Orlando, Florida 32877-1587. The IRS stated that it was unable to determine whether the notice of deficiency for 2006 was sent to Hoang's last known address.

On June 14, 2010, the Court granted Hoang's motion to vacate its order of dismissal in docket No. 24547-09 and ordered the IRS to file a supplement to its motion to dismiss "to clearly state the grounds for dismissal and all facts

**[*14]** supporting dismissal and * * * attach thereto copies of documents supporting respondent's position."

On July 13, 2010, the IRS filed a supplement to its motion to dismiss in docket No. 24547-09. The supplement stated that "respondent [i.e. the IRS] is no longer asserting that the 2006 notice of deficiency was issued to petitioner's last known address" and "it is respondent's position that this matter should be dismissed for lack of jurisdiction."

On July 14, 2010, the Court issued an order dismissing the case at docket No. 24547-09 for lack of jurisdiction on the ground that the notice of deficiency issued December 15, 2008 was invalid. The IRS has since abated all taxes and penalties assessed pursuant to the December 15, 2008 notice of deficiency.[9]

9.      August 3, 2010 notice of deficiency (the notice challenged in this case)

On August 3, 2010, the IRS issued a second notice of deficiency to Hoang for his 2006 taxable year. The notice determined that Hoang had received:

•       substitute-payment income of $1,542, which he had failed to report,

_____

[9]This statement was made by the IRS in paragraph 8(h) of its answer in this case. Hoang did not deny this statement in his reply. Therefore it is deemed admitted under Rule 37(c). See Mendelson v. Commissioner, 52 T.C. at 733.

**[\*15]** •        interest income of $1,106, of which he had failed to report $103, and

•        dividend income of $13,964, which he had failed to report.

The notice also determined that Hoang had realized short-term capital gains

and losses during 2006 of $14,864,891.85, had a short-term capital loss carryover of

$8,051.33, had a net short-term gain or loss of $14,856,840.52 (equal to

$14,864,891.85 - $8,051.33), realized a long-term capital gain or loss of $620.01,

had a long-term capital gain or loss carryover of zero, and had a net long-term

capital gain or loss of $620.01 (equal to $620.01 - $0). The notice determined that

Hoang's net capital gain or loss was $14,857,461 (which is equal to $14,856,840.52

+ $620.01, rounded to the nearest dollar) and that an adjustment to income should

be made of $14,854,570 (equal to $14,857,461 - $2,891).[10] The notice stated that

its determinations regarding capital gains were based on Form 1099 information and

that "no cost basis information has been provided."

The notice stated that Hoang was not entitled to itemized deductions of

$6,400 and that therefore an adjustment increasing his taxable income by $6,400

was warranted. The notice stated that Hoang was entitled to a $5,150 standard

deduction for single filing status and that therefore an adjustment decreasing his

---

[10]This $2,891 was the amount of capital gain Hoang reported on his Form
1040 filed September 2, 2009.

[*16] taxable income by $5,150 was warranted. The notice stated that Hoang was entitled to a personal-exemption deduction of $1,100 (compared to the $3,300 deduction the notice stated he reported on his return) because of "statutory limits based on income." The notice stated that an adjustment increasing his taxable income by $2,200 was therefore warranted. The adjustments for the standard deduction and the personal-exemption deductions are consistent with interpreting Hoang's Form 1040 as claiming itemized deductions of $6,400 and a personal-exemption deduction of $3,300.

The notice determined a section 6651(a)(1) addition to tax of $1,297,533.50 and a penalty under section 6662(a) of $1,037,717.40.

10.    Petition

On October 26, 2010, Hoang filed his petition challenging the August 3, 2010 notice of deficiency. At the time he was a resident of Florida. In his petition Hoang alleged that on April 16, 2007, he had filed an income-tax return for taxable year 2006.[11] He alleged that the notice of deficiency for the 2006 taxable

_____

[11] He stated: "petitioner has already filed tax returns for TY 2006 in full compliance with IRC, on 4/16/2007."

[*17] year, issued August 3, 2010, was untimely. He also alleged that on his income-tax return filed September 2, 2009, he had provided the cost bases of his securities.[12]

11.  November 18, 2010 document fragment with the heading "Form 1040X, Amended U.S. Individual Income Tax Return"[13]

Pages 6 and 7 of Exhibit 4-P contain what appears to be a Form 1040X, Amended U.S. Individual Income Tax Return, bearing Hoang's signature and the date November 18, 2010. The preprinted form has blanks for the taxpayer to enter the "Correct Amount" of income, deductions, tax, etc. All lines, including those for tax, are filled in with zeroes. Underneath the preprinted heading ("C Explanation of changes. In the space provided below, tell us why you are filing Form 1040X.") appears the following typewritten text:

---

[12]Page 5 of his petition states:

COST BASIS was provided to IRS on 09/02/2009 (pursuant to 26 USC Sec. 6020) in order to keep record of CAPITAL LOSSES OVER FROM TY 2005 UNTIL TODAY.

For TY2005 losses carry over was ($6,576.33).

2006 realized capital gain was $2,890.50
2007 losses carry over was ($84,870.63)
2008 * * * ($131,206.74)
2009 * * * ($141,409.08)

[13]This part of this opinion, which describes portions of Exhibit 4-P, is not part of the Court's findings of fact.

[*18] I WOULD LIKE TO WITHDRAW THE 1040 FILED ON 09/02/2009 AND REPLACE IT WITH THE 1040 WHICH WAS FILED ON 10/15/2007.

REASONS:

THE IRS DID NOT RESOLVE THE TWO ISSUES OF FALSIFIED TAX RECORDS and CASH BASIS (WHICH WERE PRESENTED WITH EVIDENCE ON MY FORM 4868/2008 & REASONS TO FILE FORM 4868/2006 WHICH WAS FILED ON 04/16/2007) ON OR BEFORE 04/15/2010
UNDER IRS SECTION 6501 THE IRS CAN ONLY ASSESS TAX WITHIN 3 YEARS.  THEREFORE THE IRS HAD TO RESOLVE THE 2 ISSUES ON OR BEFORE 04/15/2010

An IRS receipt stamp appears on the Form 1040X with a received date of November 18, 2010.

12.  Answer

On December 23, 2010, the IRS filed its answer.  Among other things, it alleged:  "based on the amounts reported on petitioner's 2005 income tax return, petitioner's short-term capital loss carryover on his 2006 income tax return should be zero, rather than the $8,051 claimed on his return."

13.  Reply

On March 24, 2011, Hoang filed his reply to the answer.  The reply stated in part:  "The $8,051 was a misprint and was already corrected."

**[\*19]** 14.    <u>April 29, 2011 document fragment with the heading "Form 1040X</u>
             <u>Amended U.S. Individual Income Tax Return"</u>[14]

Pages 8 and 9 of Exhibit 4-P contain what appears to be a Form 1040X bearing Hoang's signature and dated April 29, 2011.  The Form 1040X states that the original amount reported for adjusted gross income was $22,921.19 and the correct amount was -$238,655.56.  The Form 1040X states that the original amount reported for itemized deductions or the standard deduction was $9,700 and the correct amount was -$9,700.  The Form 1040X states that the original amount reported for taxable income was $13,221.19 and the correct amount was -$248,355.45.  The Form 1040X states that the original amount reported for tax liability was "CASH BASIS" and the correct amount is zero.  Under the heading "Explanation of changes.", the Form 1040X states:

> THE $373.50 GAIN FOR SCOTTRADE ON SCHEDULE D1 WAS
> AN ERROR.
>
> THE CORRECTED SCTTRADE [sic] COMPUTERIZED RECORDS
> (2 PAGES) SHOWED
>
> A./. SOCKS [sic], BONDS GROSS PROCEEDS =$12,412,898.92
> (EXH A)

---

[14]This part of this opinion, which describes portions of Exhibit 4-P, is not part of the Court's findings of fact.

[*20] B./ TOTAL PURCHASES DR (COST BASIS) = $12,674,848.06 (EXH B)

CAPITAL LOSS                                    -$261,950.74

ATTACH:  2 EXHIBITS A and B

Page 10 of Exhibit 4-P is labeled "SCOTTRADE INC":  "COMPOSITE SUBSTITUTE 1099 STATEMENT SUMMARY".  The page includes the following information:

| | |
|---|---|
| Interest income | $227.70 |
| Stocks, bonds, etc. (gross proceeds less commissions) | 12,412,898.92 |
| Substitute payments in lieu of dividends or interest | 1,542.15 |

Page 11 of Exhibit 4-P is labeled "SCOTTRADE INC", "SUPPLEMENTAL INFORMATION", "PAGE:  47".  The page states that "TOTAL PURCHASES" are $12,674,849.06.  The page does not indicate how the $12,674,849.06 amount was figured, except with respect to 11 purchases of stock (3 purchases of Walgreen Co. stock and 8 purchases in Xerox Corp. stock).  For each of these 11 transactions, the dates, share quantities, and dollar amounts are given.  The total dollar amount for the 11 purchases is $211,198.  The Form 1040X has an IRS receipt stamp with a received date of April 29, 2011.

[*21] For the convenience of the reader, the following table summarizes the documents Hoang purportedly sent to the IRS (as well as the substitute for return prepared by the IRS on his behalf):

| Date on document | Date received | Record cite or other cite | Heading on document | Description |
|---|---|---|---|---|
| None | 4/16/07 | Notice of deficiency | Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return | Document not in the record |
| 4/14/07 | 4/16/07 | Ex. 4-P (excluded) | Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return | Stated that an extension of the filing due date was needed because Hoang was waiting for instructions from Tax Court |
| 10/12/07 | 10/15/07 | Ex. 4-P (excluded) | Form 1040, U.S. Individual Income Tax Return (partially legible) | •Stated that a Form 1040 was not filed by Oct. 15, 2007, because Hoang was waiting for instructions from Tax Court <br> •No amounts were reported for income, deductions, tax, etc. |
| 8/8/08 | N/A | Answer para. 8(c) | (Answer asserted a substitute for return was prepared on this date. No document(s) are in the record.). | |
| 2/9/09 | 9/2/09 | Ex. 2-J (admitted) | Form 1040, U.S. Individual Income Tax Return | •Short-term capital gains of $10,321.85 for 2006 <br> •Short-term capital loss carryover of $8,051.33 <br> •Long-term capital gains of $620.01 |

| **[*22]**<br>11/18/10 | 11/18/10 | Ex. 4-P (excluded) | Form 1040X, Amended U.S. Individual Income Tax Return | Stated that Form 1040 filed on Sept. 2, 2009, was withdrawn and replaced with a Form 1040 filed on Oct. 15, 2007 |
|---|---|---|---|---|
| 4/29/11 | 4/29/11 | Ex. 4-P (excluded) | Form 1040X, Amended U.S. Individual Income Tax Return | •Gross proceeds of securities sold in 2006 were $12,412,898.92<br>•Cost of securities purchased in 2006 was $12,674,848.06<br>•Capital loss was -$261,950.74<br>•Included substitute Form 1099 from Scottrade, Inc., showing gross proceeds of $12,414,898.92<br>•Included page 47 of Scottrade, Inc., "Supplemental Information" showing purchases during 2006 of $12,674,849.06 |

15. Subsequent procedural history, beginning with November 9, 2011 request for admissions

On November 9, 2011, the IRS requested that Hoang make the following admissions:

1. During the 2006 income tax year, petitioner sold the securities listed on Exhibit A, attached hereto and incorporated herein, on the dates and at the sales prices reflected on Exhibit A.

2. Petitioner received $13,964 in qualified dividends during the 2006 income tax year.

3. Petitioner received $1,106 in taxable interest during the 2006 income tax year.

4. Petitioner received $1,542 in other income from Scottrade during the 2006 income tax year.

5. Petitioner received $14,857,461 in capital gains during the 2006 income tax year.

[*23] Exhibit A is a list of 1,001 sales with entries for "Payor", "Description of Property", "Date Sold", and "Sales Price". The sum of the amounts in the Sales Price column is $14,844,044.

On November 9, 2011, the IRS served on Hoang a request for production of "all documents reflecting your cost basis in each of the securities sold by you during the 2006 income tax year." Hoang did not produce any documents in response to this request.

On November 9, 2011, the IRS served an interrogatory on Hoang. The IRS asked Hoang:

> If you contend that you have a cost basis in any of the securities you sold in 2006, please provide a list of (a) the name of the security you sold, (b) the date the security was acquired by you, (c) the cost basis of the security, and (d) the date of the sale.

Hoang did not answer the interrogatory.

On November 30, 2011, Hoang filed a response to the IRS's request for admissions. Hoang first contended that he was not required to answer the request for admissions because of his Fifth Amendment right against self-incrimination.[15] Hoang also stated that "the only valid proof" of capital gains and losses is in the form of information returns such as Forms 1099. He claimed that he discarded

---

[15]He stated: "R was trying to extract a confession from taxpayer to be used as evidence that p owed tax".

[*24] any information returns because he was not required to keep them after April 15, 2010, when the period for assessment supposedly ended. Attached to Hoang's response was a certification by Hoang that he had served the response on the IRS by mailing it to the IRS on December 1, 2011. The response was received by the Court on November 30, 2011. The Court re-titled the response (by making a minor change) and served it on the IRS on December 13, 2011.

On December 5, 2011, Hoang served on the IRS (but did not file with the Court) a document titled "Petitioner's Objection to Respondent's Request for Admissions."[16]

On December 12, 2011, the IRS filed a motion to review petitioner's response to respondent's request for admissions. In the motion, the IRS sought, pursuant to Rule 90(e), that the Court "review the sufficiency of petitioner's response to Respondent's Request for Admissions and order petitioner to serve an amended response to Respondent's Request for Admissions." The motion asserted that the Court should review Hoang's December 5, 2011 unfiled document entitled "Petitioner's Objection to Respondent's Request for Admissions." The motion did not mention Hoang's response to request for admissions filed November 30, 2011.

_____

[16]This document was not filed with the Court and therefore does not qualify as a response to the IRS's request for admissions. See Rule 90(c) (requiring response to be filed).

[*25] On December 13, 2011, the IRS filed a motion to show cause why proposed facts and evidence should not be accepted as established. In its motion, the IRS asked the Court to order Hoang to demonstrate that the following stipulation of facts, attached to its motion as Exhibit A, should not be accepted as established:

> 1. At the time the petition was filed in the instant matter, petitioner resided in Florida.
>
> 2. Attached hereto as Exhibit 1-J is a copy of the statutory notice of deficiency issued to petitioner in this case.
>
> 3. Attached hereto as Exhibit 2-J is a copy of a Form 1040 submitted by petitioner for his 2006 tax year.
>
> 4. In 2006, petitioner sold numerous stocks and bonds. From these sales of stocks and bonds, petitioner received $14,855,797 in total sales proceeds. Attached hereto as Exhibit 3-J is a spreadsheet summary consisting of pages 1 through 23 of petitioner's 2006 stocks and bonds sales.

The spreadsheet marked as Exhibit 3-J had the same information as Exhibit A attached to the IRS's November 9, 2011 request for admissions. In both documents, the sum of the amounts in the "Sales Price" column is $14,844,044.

On December 14, 2011, the IRS moved to compel production of the documents it had requested on November 9, 2011. On the same day, the IRS moved to compel a response to its interrogatory.[17]

---

[17]Even though there was only one interrogatory, the motion was formally

(continued...)

**[*26]** On December 21, 2011, the Court granted the IRS's December 13, 2011 motion and ordered Hoang to file responses on or before January 3, 2012, showing why the facts and evidence set forth in the IRS's proposed stipulation of facts attached as Exhibit A to its motion should not be accepted as established.

On December 27, 2011, Hoang filed responses to the IRS's December 14, 2011 motions to compel production of documents and compel responses to interrogatories. In the responses, Hoang asserted various reasons he should not be required to produce documents and respond to the interrogatory, including the alleged expiration of the period on assessment.

On December 27, 2011, Hoang filed a document with the heading "Petitioner's Stipulation of Facts and Evidence", stating reasons Hoang disagreed with the proposed stipulation of facts attached as Exhibit A to the IRS's December 13, 2011 motion. The Court filed the document but retitled it "Response to order to show cause dated 12/21/11". As discussed below, Hoang would later complain that he had not intended this document to be a response to the order to show cause. The Court denied the relief he sought on the basis of this assertion. See

---

[17](...continued)
titled "Motion to Compel Responses to Respondent's Interrogatories".

[*27] petitioner's motion to vacate December 29, 2011 order accepting as established the facts in the proposed stipulation of facts (Dec. 29, 2011) (denied Jan. 5, 2011).

On December 28, 2011, the Court granted the IRS's December 14, 2011 motions to compel production of documents and compel responses to interrogatories. The Court ordered Hoang to produce the requested documents on or before January 11, 2012, and to serve an answer to the interrogatory on or before January 11, 2012. Hoang did not comply with the order.

On December 28, 2011, the Court issued an order determining that "[t]he grounds that the petitioner cited for refusing to answer the respondent's request for admissions are without merit." The Court ordered that Hoang "may, on or before January 17, 2012, file with the Court and serve on opposing counsel amended responses to respondent's request for admissions, dated November 9, 2011."

On December 29, 2011, the Court issued an order determining that Hoang's December 27, 2011 response to the Court's December 21, 2011 order to show cause why the facts and evidence set forth in the IRS's proposed stipulation of facts should not be accepted as established was "evasive and not fairly directed to the respondent's proposed stipulation." It ordered that the facts in the IRS's proposed stipulation are accepted as established.

[*28] On the same day, December 29, 2011, Hoang submitted to the Court a document entitled "Petitioner show cause to respond to respondent's proposed stipulation of facts and evidence." The document described itself as a response to the "court order to show cause dated 12/21/11". The Court filed the document as Hoang's amended response to the Court's order to show cause dated December 21, 2011. The document contains much the same material as Hoang's response to order to show cause dated 12/21/11, filed on December 27, 2011, which had been originally titled (by Hoang) "Petitioner's Stipulation of Facts and Evidence".

On December 29, 2011, Hoang filed a motion to vacate the December 29, 2011 order accepting the facts in the IRS's proposed stipulation of facts as established. In the motion, Hoang moved for a court order to:

> 1. vacate the said court order on the grounds that the court mischaracterized petitioner's filing dated Dec 27 2011 which was titled PETITIONER'S STIPULATION OF FACTS AND EVIDENCE.

> 2. accept petitioner's filing dated Dec 29 2011 which was titled PETITIONER SHOW CAUSE TO RESPOND TO RESPONDENT'S PROPOSED STIPULATION OF FACTS AND EVIDENCE and which was re-submitted Dec 29 2011 (transaction ID #69713).

[*29] On December 30, 2011, Hoang filed an amended response to respondent's request for admissions.[18] His amended response was much the same as his original response. He contended that the period for assessment expired on April 15, 2010. He claimed "There is [sic] no more documents to be used at this late time because all of them were discarded after 04/15/2010".

On January 5, 2011, the Court denied Hoang's motion to vacate the order, dated December 29, 2011, accepting as established the facts in the IRS's proposed stipulation of facts.

At the calendar call of the weeklong trial session at which Hoang's case was tried, the IRS asked the Court to order the matters in its request for admissions admitted. Hoang opposed the entry of such an order, requesting an opportunity to present evidence regarding the matters covered by the requests for admissions. The requested-admissions question was carried over to the next day. On the next day, Hoang stated that he had nothing more to add to his amended response to the requests for admissions other than that the requests for admissions were invalid because the period for assessment had expired. The Court informed Hoang that his amended response was inadequate and that his arguments challenging the

---

[18]The filing describes itself as the amended response permitted by the December 28, 2011 order allowing Hoang to file an amended response to respondent's request for admissions.

**[*30]** validity of the requests for admissions lacked merit. The Court reserved ruling on the question of the requested admissions. It set the case for trial, informing Hoang:

> I need to instruct you that we are going to have a trial. This will be your opportunity to present evidence in an orderly fashion. You can give documents to me. You can testify.

The Court also advised Hoang:

> it's in your interest to provide evidence to the Court about what you paid for the stock. If you don't do that it could severely prejudice your case.

## OPINION

I.    The notice of deficiency was timely.

The IRS cannot make an assessment of a deficiency in income tax without first issuing a notice of deficiency to the taxpayer. Sec. 6213(a). Therefore, a notice of deficiency must be issued during the period for assessment. Woods v. Commissioner, 92 T.C. 776, 779-780 (1989). As a general rule, the period for assessment, and therefore the period for issuing a notice of deficiency, ends three years after the filing of the income-tax return. Sec. 6501(a).[19] If the return is filed

---

[19]A substitute for return executed by the IRS does not count as a return for the purpose of this rule. Sec. 6501(b)(3).

[*31] early, the return is considered filed on the last day prescribed by law for filing the return. Sec. 6501(b)(1).[20]

Hoang contends that he filed a tax return on April 16, 2007, that the period for assessment expired on April 15, 2010 (which is roughly three years later), and that the notice of deficiency, issued on August 3, 2010, was untimely.

We reject Hoang's contention that he filed a return in April 2007. His supplementary pretrial memorandum raises the contention that he filed a return on April 16, 2007, but the supplementary pretrial memorandum does not qualify as evidence. See Rule 143(c). He made an oral statement in Court that he filed a tax return on April 15, 2007 (a day before the date claimed in his supplementary pretrial memorandum). But he did not make this statement while testifying as a witness.[21] It therefore does not constitute evidence. Hoang moved for the admission of Exhibit 4-P, which contained a document fragment dated April 14, 2007. However, the document fragment appears to be a request for an automatic extension of time to file his 2006 tax return. A request to extend the time for

---

[20]Because our conclusions regarding the timeliness of the notice of deficiency are based on the preponderance of the evidence, we need not decide what party has the burden of proof on this issue. See Gaughf Props., L.P. v. Commissioner, 139 T.C. ___, ___ (slip op. at 24) (Sept. 10, 2012).

[21]At the calendar call he stated: "I did file a return on April 15, 2007."

[*32] filing a tax return is not a tax return. We find that Hoang did not file a 2006 income-tax return in April 2007.

Instead of filing a Form 1040 in April 2007, Hoang filed a Form 4868. This is established through pleadings. In its answer, the IRS alleged:

> On April 16, 2007, respondent received a Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return, from petitioner extending the due date for filing petitioner's 2006 income tax return to October 15, 2007.

Hoang's reply did not deny that he submitted a Form 4868. He disputed only whether a Form 4868 would have the effect of extending the filing period by six months.[22] Because Hoang's reply did not deny submitting a Form 4868 to the IRS, he is deemed to have admitted submitting a Form 4868. See Rule 37(c); see Mendelson v. Commissioner, 52 T.C. 727, 733 (1969). We therefore hold that Hoang filed a request for an automatic extension of time to file his 2006 income-tax return, and that his time to file was extended to October 15, 2007. See sec. 1.6081-4T(a), Temporary Income Tax Regs., 70 Fed. Reg. 67359 (Nov. 7, 2005).

---

[22]Sec. 1.6081-4T(a), Temporary Income Tax Regs., 70 Fed. Reg. 67359 (Nov. 7, 2005), provides that an individual who files a Form 4868 with the IRS on or before the due date for a federal tax return will receive a six-month extension of the time to file. Hoang contends that this regulation is the IRS's "own rule of man". If this is an argument that the regulation is not entitled to deference, it is misplaced. The regulation is entitled to deference. Secs. 7805(a), 6081(a); Mayo Found. for Med. Educ. & Research v. United States, 562 U.S. ___, ___, 131 S. Ct. 704, 711-714 (2011).

[*33] Hoang's pretrial memorandum asserts that on October 15, 2007, he filed a Form 1040. It further asserts that one of the document fragments marked for identification as Exhibit 4-P (and bearing a date of October 14, 2007) is a copy of that Form 1040. This form is not in evidence. Hoang did not testify that it exists. Thus, the form cannot serve as a basis for the Court's findings of fact. Furthermore, the form on its face would not qualify as a tax return. See Cabirac v. Commissioner, 120 T.C. 163, 169 (2003). All the lines for reporting dollar amounts are obscured or blank. The form appears to have been defaced and electronically altered. We find that Hoang did not file a Form 1040 in October 2007.[23]

As Hoang admitted in his pretrial memorandum, he filed a Form 1040 on September 2, 2009.

In summary, (1) Hoang's return was due October 15, 2007; (2) Hoang filed his return on September 2, 2009, more than 22 months late; (3) the three-year period for assessment began September 2, 2009; and (4) the assessment period was therefore still open when the IRS issued the notice of deficiency on August 3, 2010.

---

[23]Although Hoang's contention that he filed a Form 1040 on October 15, 2007, is not relevant to his argument that the notice of deficiency was untimely, it is convenient to address the contention now.

**[*34]** As an alternative argument that the notice of deficiency was late, Hoang

contends that (1) the notice of deficiency determined that he did not file any tax

return for 2006, and that (2) when a taxpayer does not file a tax return the period for

assessment expires three years after the tax return's due date.[24] On the basis of this

argument, Hoang concludes that the period for assessing his 2006 income-tax

liability expired in April 2010. Both parts (1) and (2) of Hoang's alternative

argument are wrong. If a taxpayer does not file an income-tax return, the three-year

limit on assessment is not applicable. The IRS may assess tax at any time.[25]

---

[24]Hoang stated:

> The Commissioner said I did not file a return. The legal basis for the
> Commissioner is I did not file return. It's shown on the first page of
> the notice of deficiency. So if I am a non-filer as Commissioner stated-
> -so the statute of limitations start on April 15, 2007 and it expired on
> [April] 15, 2010. And this notice of deficiency was issued on August
> 2010, so four months after that.

[25]Sec. 6501(c)(3) provides: "In the case of failure to file a return, the tax may
be assessed, or a proceeding in court for the collection of such tax may be begun
without assessment, at any time."

[*35] Also, the notice of deficiency stated that Hoang did not file a <u>timely</u> tax return.[26]  It did not say that Hoang never filed a return.

We hold that the notice of deficiency was timely.

II.    <u>The five admissions requested by the IRS on November 9, 2011, are deemed admitted</u>.

On November 9, 2011, the IRS requested that Hoang make five admissions in five respective numbered paragraphs.  Hoang initially filed a response to the request in which he stated that he had discarded all his information returns when he thought that the period for assessment expired on April 15, 2010.  Therefore, Hoang claimed, he did not have any records on which to base a response to the IRS request.  Hoang also claimed he did not have to respond to the request because his answers would incriminate him.  The Court ruled that the grounds in Hoang's response were without merit and permitted him to file an amended response.  Hoang filed an amended response in which he again asserted that he was not required to keep records after the expiration of the period for assessment.  Before the trial the Court informed Hoang that the amended response was

_____

[26]The notice of deficiency stated:  "[Y]ou did not file an income tax return for the taxable year ended December 31, 2006 within the time prescribed by law", a statement that Hoang mistakenly asserts "[c]onfirmed, in r's own words, that petitioner filed <u>no tax return</u> prior to the 08/03/10 issuance date of the notice of deficiency."

[*36] inadequate. The Court stated that it would allow Hoang to present evidence

at trial, and warned him that he should present evidence of the cost bases of the

securities he had sold in 2006. The Court deferred ruling--until after trial--on

whether the admissions requested by the IRS should be ordered admitted. At trial

the Court allowed Hoang to testify and offer documentary evidence even as to the

matters covered by the request for admissions. Hoang did not present any

information that was relevant to the request for admissions despite being given many

opportunities--up to and including trial[27]--to demonstrate why the

---

[27]The Court allowed Hoang to present evidence at trial regarding the sale prices of the securities he sold in 2006, the cost bases of these securities, and any other facts at issue. Hoang failed to present any evidence regarding the sale prices of the securities he sold in 2006 or the cost bases of these securities.

Hoang (unsuccessfully) moved that Exhibit 4-P be received into evidence. Exhibit 4-P contained a document fragment of a Form 1099 for Hoang's Scottrade, Inc. account. The Form 1099 fragment was seemingly attached to a Form 1040X dated April 29, 2011. The Form 1099 fragment seemingly stated that Hoang bought a total of $12,674,849.06 of securities through Scottrade, Inc., during 2006. But what was needed was the cost bases of the securities he sold in 2006, not the securities he bought in 2006. See Woodward v. Commissioner, 397 U.S. 572, 574-575 (1970) (capital expenses not deductible but added to basis and reduce capital gain when capital asset is sold).

Hoang also contended at trial that the cost bases of the securities sold could be found on his Form 1040 filed September 2, 2009. Hoang is incorrect. The Form 1040 reported the gain from securities traded in 2006 on a broker-by-broker basis, not for each transaction. Thus, the total gains for all securities traded through the brokerage firm Scottrade, Inc., was reported to be $373.50. The form does not disclose the sale price and the cost basis of any of the individual securities purchased or sold through the brokerage. Second, a tax return alone is insufficient

(continued...)

[*37] admissions sought by the IRS were not true.  This failure justifies deeming the admissions requested by the IRS established.  See Rules 90(e), (g), 104(c)(1).

The calendar call was not the first time the Court told Hoang that he would need to present evidence of the cost bases of the securities that he had sold in 2006.  In March 2011 Hoang moved for summary judgment on the grounds that the period for assessing tax had expired on April 15, 2010, and that therefore the notice of deficiency was untimely issued.  The Court denied the motion.  Hoang then moved to dismiss on the same grounds.  In April 2011 the Court denied the motion to dismiss and warned Hoang:

> Based on the record to date, it is beginning to appear that petitioner may have an agenda independent of challenging respondent's deficiency and penalty determinations as set forth in the August 3, 2010 notice of deficiency.  The determined deficiency of $5,188,587 is attributable almost entirely to unreported capital gain in the amount of $14,854,570 "based on Form 1099 information reported to the Internal Revenue Service" and the fact that "no cost basis information has been provided."  To date petitioner has accomplished nothing positive through the multiple motions that he has filed; henceforth, he might care instead to prepare for trial by focusing his energy on amassing evidence of his basis in capital assets that he may have sold or exchanged during the year in issue.  [Emphasis added.]

---

[27](...continued)
to prove the claims reflected on it.  Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979).

[*38] If this warning was not enough, the Court later ordered that Hoang should provide to the IRS one month before trial "all documents reflecting your cost basis in each of the securities sold by you during the 2006 income tax year". The order, dated December 28, 2011, did not distinguish between Forms 1099 and other records. It required "all documents". Hoang failed to provide these documents to the IRS in violation of the Court's order.[28]

We hold that the admissions requested by the IRS on November 9, 2011, are deemed established.

III.    Hoang earned $1,542 in "other income" from Scottrade, Inc., during the 2006 tax year.

The notice of deficiency determined that Hoang received $1,542 of substitute-payment income (referred to in the notice as "other income") from Scottrade, Inc. Hoang did not report this income on the return he filed on September 2, 2009. The IRS's determination is established through deemed admissions (paragraph 4). We hold that Hoang earned $1,542 of substitute-payment income.

---

[28]The IRS moved to preclude Hoang from presenting evidence regarding his taxable income on the grounds that Hoang had failed to comply with this order (and had failed to comply with the requirement in the same order that Hoang respond to the IRS's interrogatory). It is not necessary to resolve the IRS's motion: excluding the evidence presented by Hoang regarding his tax liability would not change the outcome of the case.

**[\*39]** IV.     Hoang earned $1,106 in interest income during the 2006 tax year instead of the $1,003.82 he reported on the return filed on September 2, 2009.

The notice of deficiency determined that Hoang received taxable interest of $1,106 during the 2006 tax year. Hoang reported only $1,003.82 in interest income on the return he filed on September 2, 2009. The IRS's determination is established through deemed admissions (paragraph 3). We hold that Hoang earned $1,106 in interest income.

V.     Hoang earned $13,964 in qualified dividend income during the 2006 tax year.

The notice of deficiency determined that Hoang received qualified dividend income of $13,964 during the 2006 tax year. Hoang did not report any qualified dividend income on the return he filed on September 2, 2009. The IRS's determination is established through deemed admissions (paragraph 2). We hold that Hoang earned $13,964 in qualified dividend income.

VI.     Hoang had capital gains of $14,857,461 for 2006 (as this amount is calculated in the notice of deficiency).

In the notice of deficiency, the IRS determined that Hoang's short-term capital gains for 2006 were $14,864,891.85, his short-term capital loss carryover was $8,051.33 (reflected in the notice of deficiency as negative $8,051.33), and that his long-term capital gains for 2006 were $620.01. The sum of these amounts

**[\*40]** is $14,857,460.53. The IRS's determination in the notice of deficiency is established through paragraph 5 of the requested admissions. This paragraph (which, like the other requested admissions, is deemed established) states: "Petitioner received $14,857,461 in capital gains during the 2006 income tax year."[29]

---

[29]We do not rely on paragraph 4 of the stipulation attached to the IRS's motion to show cause why proposed facts and evidence should not be accepted as established. Paragraph 4 stated: "In 2006, petitioner sold numerous stocks and bonds. From these sales of stocks and bonds, petitioner received $14,855,797 in total sales proceeds. Attached hereto as Exhibit 3-J is a spreadsheet summary consisting of pages 1 through 23 of petitioner's 2006 stocks and bonds sales." Exhibit 3-J is a list of 1001 trades identifying the payor, description of property, date sold, and sale price. The total sales proceeds on Exhibit 3-J are $14,844,044. Paragraph 4 was deemed established pursuant to the Court's order of December 29, 2011. However, the paragraph is internally contradictory. The paragraph states that the total sale proceeds of Hoang's securities sales in 2006 were $14,855,797. The paragraph also states that the attached spreadsheet--showing total sale proceeds of $14,844,044--summarizes Hoang's securities sales in 2006. This is a difference of over $11,000. Under the circumstances, the parties should be relieved of paragraph 4. An appropriate order will be issued.

By contrast, the requested admissions are not internally contradictory. Paragraph 1 asks Hoang to admit that he sold the securities listed in Exhibit A at the sale prices listed in Exhibit A (which total $14,844,044). Paragraph 5 asked whether Hoang "received" $14,857,461 in capital gains "during" 2006. This request, given how the $14,857,461 is calculated in the notice of deficiency, is the same as asking whether the total proceeds from Hoang's sales of securities during 2006 is $14,865,551.86 (short-term capital gains realized of $14,864,891.85 plus long-term capital gains realized of $620.01). It is not inconsistent for the sale price of the securities listed in Exhibit A to be $14,844,044 and for the sale price of all securities sold in 2006 to be $14,855,797. The requests for admissions do not ask Hoang to admit that the only securities he sold in 2006 were the securities listed in

(continued...)

[*41] Even if paragraph 5 had not been deemed admitted, Hoang would have failed to meet his burden of proof.[30] As explained supra note 27, he provided no evidence to allow us to estimate the cost bases of the securities sold in 2006. Even though a court may estimate a taxpayer's cost basis in assets under certain circumstances, it cannot do so without information from which to form such an estimate. See Namyst v. Commissioner, 435 F.3d 910, 913 (8th Cir. 2006), aff'g T.C. Memo. 2004-263 (slip op. at 17-18).

For these reasons, we hold that Hoang had capital gains of $14,857,461 as that amount is calculated in the notice of deficiency.

---

[29](...continued)
Exhibit A.

[30]The taxpayer bears the burden of proving by a preponderance of the evidence that the IRS's determinations in the notice of deficiency are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Bronstein v. Commissioner, 138 T.C. 382, 384 (2012). Under sec. 7491(a)(1), the burden of proof on factual issues that affect the taxpayer's liability is imposed on the IRS where "the taxpayer introduces credible evidence with respect to * * * such issue", complies with substantiation requirements, maintains all required records, and cooperates with reasonable requests for information. Hoang has done none of these things. Therefore Hoang has the burden of proof regarding the determinations discussed in this part of the opinion.

**[\*42]** VII. <u>Hoang's short-term capital loss carryover for 2006 is the $8,051.33 claimed on his return</u>.

Rule 142(a) imposes the burden of proof on the IRS "in respect of any new matter, increases in deficiency, and affirmative defenses, pleaded in the answer". Hoang's Form 1040 reported a short-term capital loss carryover of $8,051.33. The IRS accepted this short-term capital loss carryover in its calculations in the notice of deficiency. It challenged the amount later when it filed the answer. The assertion in the answer that the carryover should be zero is a "new matter". <u>See Mitchell v. Commissioner</u>, 138 T.C. 324, 339 (2012). Therefore, the IRS has the burden of proof regarding Hoang's entitlement to the $8,051.33 short-term capital loss carryover.

Section 1212(b)(1)(A) provides that if a noncorporate taxpayer has a net capital loss for any taxable year, the excess of the net short-term capital loss over the net long-term capital gain for such year shall be a short-term capital loss in the succeeding taxable year. The IRS adduced no evidence regarding the amount of Hoang's short-term capital losses in 2005 or any year before 2005. The IRS has failed to satisfy its burden of proving that the short-term capital loss carryover for 2006, which would depend on Hoang's short-term captial losses in 2005 and prior years, is zero.

[*43] Furthermore, a short-term capital loss carryover of $8,051.33 is consistent with paragraph 5 of the requested admissions. This paragraph states that capital gains for 2006 are $14,857,461, an amount determined in the notice of deficiency. The amount, as calculated in the notice of deficiency, assumes that the short-term capital loss carryover for 2006 is $8,051.33. Paragraph 5 has been deemed admitted. This is itself a sufficient ground for concluding that the carryover is $8,051.33, even apart from the IRS's failure to meet its burden of proof.

Though Hoang admitted in his reply that the $8,051.33 was a "misprint", this does not help us determine the correct amount of the carryover. Hoang did not concede what the correct amount was.[31]

We hold that Hoang's short-term capital loss carryover for 2006 is $8,051.33.

VIII. Hoang is liable for the section 6651(a)(1) addition to tax.

Section 6651(a)(1) imposes an addition to tax for failure to file a return on or before its due date unless the taxpayer can establish that such failure is due to reasonable cause and not willful neglect. In the notice of deficiency, the IRS asserted that Hoang is liable for the section 6651(a)(1) addition to tax in the

---

[31]Page 5 of Hoang's petition says $6,576.33 was the "losses carry over" "for" tax year 2005, but it appears that this is an allegation that this amount was reported, not a concession that this is the correct amount.

**[\*44]** amount of $1,297,533.50. The IRS bears the burden of production with respect to Hoang's liability for the section 6651(a)(1) addition to tax. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). To meet its burden of production, the IRS must come forward with sufficient evidence indicating that it is appropriate to impose the addition to tax. See Higbee v. Commissioner, 116 T.C. at 446-447.

A taxpayer bears the burden of proving that the failure to timely file the return was due to reasonable cause and not willful neglect. Id. at 446-448. A failure to timely file is due to reasonable cause if a taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return on time. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

The IRS has met its burden of production. Hoang's 2006 federal income-tax return was filed on September 2, 2009, more than 22 months after it was due. See Higbee v. Commissioner, 116 T.C. at 447.

We turn now to the question of whether Hoang has met his burden of proving that his failure to timely file the return was due to reasonable cause and not willful neglect. Hoang's testimony acknowledges that he filed a Form 1040 on September 2, 2009. The testimony does not assert that he filed an earlier Form

**[\*45]** 1040, nor does it explain why he did not file the return on or before the due date of October 15, 2007. He has therefore failed to meet his burden of proof.[32]

We hold that Hoang is liable for the section 6651(a)(1) addition to tax.

IX.  Hoang is liable for the section 6662(a) penalty.

In the notice of deficiency, the IRS determined that Hoang is liable for a section 6662(a) penalty of $1,037,717.40. Section 6662(a) and (b)(1) and (2) imposes a penalty of 20% of any underpayment attributable to (1) a substantial understatement of income tax or (2) negligence or disregard of rules and

---

[32]In contrast to his testimony, Hoang's court papers contain a host of explanations for how and why he filed his Form(s) 1040 for 2006. These explanations are not supported by admissible evidence. Even if they were so supported, none of the explanations would exonerate him from the sec. 6651(a) addition to tax.

For example, one of the document fragments marked for identification as Exhibit 4-P (and referenced by Hoang in his court papers) is a copy of a Form 1040 with a date of October 12, 2007. Some text appearing on the document fragment is an explanation for why Hoang could not file a Form 1040. Even if this explanation accurately described why Hoang did not timely file a tax return (the explanation, like the rest of Exhibit 4-P, is not in evidence), Hoang would not have reasonable cause for filing his return late. According to the explanation (and to another document fragment and court papers), the Tax Court failed to assist Hoang in preparing his tax returns after the 2001 deficiency case was decided and, as a result, Hoang no longer had to file federal income tax returns. The Tax Court is not required to assist taxpayers in preparing their tax returns; taxpayers who do not receive such assistance are not absolved of their obligation to file federal tax returns. It would have been unreasonable for Hoang to believe that he had been absolved of his filing obligations. Such a belief would not constitute reasonable cause for failing to timely file his tax return.

**[\*46]** regulations.  An understatement of income tax is generally defined as the amount of tax required to be shown on the return less the amount of tax actually shown on the return.  See sec. 6662(d)(2)(A).  An understatement is substantial if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000.  Sec. 6662(d)(1)(A).  The amount of the understatement is reduced to the extent that (1) there is or was substantial authority for the taxpayer's treatment of the item or (2) the taxpayer had a reasonable basis for taking a position and the position was adequately disclosed.  Sec. 6662(d)(2)(B).  An underpayment is attributable to negligence if the taxpayer did not make a reasonable attempt to comply with applicable tax laws or failed to exercise reasonable care in the preparation of a return.  See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.  Negligence also includes a failure to maintain accurate records or to substantiate items properly.  Sec. 1.6662-3(b)(1), Income Tax Regs.

Whether attributable to negligence or a substantial understatement of income tax, no accuracy-related penalty is imposed on any portion of an underpayment with respect to which the taxpayer had reasonable cause and acted in good faith.  See sec. 6664(c)(1).  Whether the taxpayer acted with reasonable cause and in good faith is determined on a case-by-case basis, taking into account all relevant facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.

**[\*47]** Generally, the most important factor is the extent of the taxpayer's effort to properly determine his or her tax liability. Id.

Under section 7491(c), the IRS bears the burden of production with respect to a taxpayer's liability for the section 6662(a) accuracy-related penalty. Higbee v. Commissioner, 116 T.C. at 447. In order to meet this burden, the IRS must come forward with sufficient evidence that it is appropriate to impose the penalty. Id. at 446. The taxpayer bears the burden of persuading the Court that the penalty is inappropriate because, for example, the taxpayer acted with reasonable cause and in good faith. See Rule 142(a)(1); Higbee v. Commissioner, 116 T.C. at 449.

The IRS met its burden of producing evidence that Hoang had a substantial understatement of income tax for 2006 because it has shown that (1) Hoang understated his tax and (2) the understatement was substantial. The tax imposed for 2006 was $5,190,134. Although Hoang did not report a tax liability on his 2006 return, he reported taxable income of $13,221.19, which, according to the notice of deficiency, corresponds to a tax of $1,547. Thus, Hoang had an understatement of $5,190,134 - $1,547, or $5,188,587. Because this understatement exceeds $5,000 and because it also exceeds 10% of the total tax required to be shown on the return, the understatement is substantial. Thus the IRS has come forward with sufficient evidence that it is appropriate to impose the

[*48] accuracy-related penalty.[33] Hoang failed to prove that he is not liable for the penalty. And Hoang has not shown that he had reasonable cause for and acted in good faith regarding any part of the underpayment. We therefore find that no part of the underpayment is attributable to reasonable cause or good faith.

Contentions of the parties not discussed here are unmeritorious, redundant, or moot.

To reflect the foregoing,

> An order will be issued deeming established the admissions requested by respondent and relieving the parties of paragraph 4 of the proposed stipulation, and decision will be entered for respondent.

---

[33]We need not address the IRS's alternative contention that Hoang's underpayment is due to negligence.